ACCEPTED
15-24-00128-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 12:00 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00128-CV

# In the Fifteenth Court of Appeals
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/15/2024 4:17:26 PM
VOID CAP
CHRISTOPHER A. PRINE
Clerk

## HARBOR AMERICA CENTRAL, INC.

**APPELLANT**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 8:00:00 AM
CHRISTOPHER A. PRINE
Clerk

v.

## WILLIAM REEVES

**APPELLEE**

On Appeal from the 55th District Court
Harris County, Texas
No. 2017-25574

## APPELLEE WILLIAM REEVES' MOTION TO TRANSFER APPEAL TO FOURTEENTH COURT OF APPEALS

Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Lionel Sims III
Texas Bar No. 24107465
lsims@txattorneys.com
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

David George
Texas Bar No. 00793212
THE GEORGE LAW FIRM PLLC
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 857-2280
dgeorge@georgeappeals.com

*Counsel for Appellee William Reeves*

# TABLE OF CONTENTS

Table of Contents ................................................................................. ii

Index of Authorities ..............................................................................v

Argument ............................................................................................. 1

    I.   This Court does not have jurisdiction over this appeal. ........... 3

        A.   Harbor America is attempting to create a loophole that would allow any civil appeal in Texas involving more than $250 to be filed in this Court. ........................... 3

        B.   If Harbor America's view is adopted, this Court will have appellate jurisdiction over every divorce, child-custody, car wreck, probate, and juvenile case where more than $250 is involved. ............................................. 7

        C.   If Harbor America's view is adopted, this Court will be inundated with untold appeals and its backlog will be unfathomably long. .............................................11

        D.   Neither the legislative history nor the views of legal commentators even hinted that SB 1045 gave this Court appellate jurisdiction over every civil appeal in Texas involving more than $250. ....................................14

            1.   The legislative history shows the Legislature did not think SB 1045 gave the Fifteenth Court of Appeals appellate jurisdiction over every civil appeal in Texas with more than $250 at issue. .........14

            2.   Legal commentators did not understand SB 1045 as allowing any civil case in Texas with over $250 at issue to be appealed to this Court. ........20

    II.  This Court should transfer this case to the Fourteenth Court of Appeals even if it determines that it has appellate jurisdiction. ...........................................................22

        A.   The Fourteenth Court of Appeals has heard the three previous appeals in this case. ...........................................23

B.   This appeal will require the justices to sit in
       judgment of Chief Justice Brister's arguments and
       work. ...............................................................................24

    III.  Conclusion ........................................................................25

Certificate of Service.....................................................................27

Certificate of Conference ..............................................................27

Exhibits

    Act of May 21, 2023, 88th Leg., R.S., ch. 459,
    2023 Tex. Sess. Law Serv. 1115, 112 ...............................................A

    Harbor America Notice of Appeal ....................................................B

    Office of the Texas Governor, Gov. Abbott Appoints Inaugural
    Members to Fifteenth Court of Appeals (Jun. 11, 2024) ..................C

    SB 1045 Bill Analysis as Filed,
    Tex. Leg. 88th RS (Mar. 20, 2023) ...................................................D

    SB 1045 Bill Analysis—Committee Report,
    Tex. Leg. 88th RS (Mar. 23, 2023). ..................................................E

    SB 1045 Bill Analysis as Enrolled,
    Tex. Leg. 88th RS (June 20, 2023) ...................................................F

    House Research Organization Bill Digest of SB 1045,
    Tex. Leg. 88th RS (May 15, 2023),...................................................G

    Enrolled Bill Summary of SB 1045,
    Tex. Leg. 88th RS (Sep. 1, 2023) ................................................... H

    Dale Wainwright & Justin Bernstein,
    Introducing Texas's Fifteenth Court of Appeals,
    The National Law Review (July 5, 2024)...........................................I

    Dale Wainwright & Justin Bernstein, Introducing Texas's
    Fifteenth Court of Appeals, GT Alert,
    GreenbergTraurig (July 5, 2024) ..................................................... J

    Crowell, Texas Creates Two New Courts: State Supreme
    |Court Upholds Legislature's Right to Create Statewide
    Court of Appeals (Aug. 30, 2024) .....................................................K

Andrew D. Bergman & Ryan Hartman, Arnold & Porter, Open for Business: Texas Launches New Business Court and Court of Appeals (Aug. 28, 2024) ................................................ L

Gibson Dunn Client Alert, Texas Supreme Court Unanimously Upholds Constitutionality Of Fifteenth Court Of Appeals (Aug. 23, 2024) ...................................................... M

Mark C. Walker, Dickinson Wright, Texas' New Business Courts and Court of Appeals (Aug. 2023) ........................................ N

Reed Smith In-Depth, Texas business courts are up and running: Key points to consider (Sept. 20, 2024) .............................. O

Crain Caton & James, New Texas Appellate Court for Cases with State Agencies ............................................................ P

David Coale, Proposed 'business court' isn't worth the constitutional risk, THE DALLAS MORNING NEWS (Apr. 22, 2023) ..... Q

Nicholas Bruno & Madison Moore, Beck Redden, 4 Things Cos. Must Know About Texas' New Business Courts (July 21, 2023) ..... R

iv

# INDEX OF AUTHORITIES

**Cases**

*A.H. Belo & Co. v. Smith*, 42 S.W. 850 (Tex. 1897) ................................ 8

*Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318 (Tex. 2017) ........................................................... 9

*Harbor Am. Cent., Inc. v. Reeves*, No. 14-21-00526-CV, 2021 WL 4472680 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) ...................................................................................1, 23

*In re Dallas Cnty.*, 697 S.W.3d 142, 158 (Tex. 2024) ............................ 7

*Interest of J.N.*, 670 S.W.3d 614- (Tex. 2023) ........................................ 8

*Matter of J.R.R.*, 696 S.W.2d 382 (Tex. 1985) ...................................... 8

*Reeves v. Harbor Am. Cent., Inc.*, 552 S.W.3d 389 (Tex. App.—Houston [14th Dist.] 2018, no pet.) .........................................1, 23

*Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299 (Tex. App.—Houston [14th Dist.] 2020, pet. denied)........................................... 1

*Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126 (Tex. 2018) ...............................................................................9, 14

**Statutes**

Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Sess. Law Serv. 1115 ..................................................................................... 2

TEX. CIV. PRAC. & REM. CODE § 22.220(d) ........................................... 1

TEX. CIV. PRAC. & REM. CODE 22.220(d) ............................................. 4

TEX. GOV'T CODE § 22.201 ................................................................... 4

TEX. GOV'T CODE § 22.201(p) ............................................................. 4

TEX. GOV'T CODE § 22.216 ................................................................11

TEX. GOV'T CODE § 22.220(a) ................................................. 4, 6, 8, 11

TEX. GOV'T CODE § 22.220(d) ............................................................. 5

TEX. GOV'T CODE § 22.221(d) ...................................................................... 5

TEX. GOV'T CODE § 25A.007(a) ..........................................................1, 4, 5

TEX. GOV'T CODE § 311.023(7) ................................................................. 6

TEX. GOV'T CODE § 73.001(a) .................................................................13

TEX. GOV'T CODE § 73.001(b) ...........................................................13, 23

**Other Authorities**

Amicus Brief of Lee Parsley as General Counsel of Texans for Lawsuit Reform Texas Business Law Foundation in *In re Dallas County*, No. 24-0426, In the Supreme Court of Texas .........19

Amicus Brief of Texas Business Law Foundation in *In re Dallas County*, No. 24-0426, In the Supreme Court of Texas....................12

House Research Organization Bill Digest of SB 1045, Tex. Leg. 88th RS (May 15, 2023) ...............................................................16

SB 1045 Bill Analysis as Enrolled, Tex. Leg. 88th RS (June 20, 2023) .......................................................................................15

SB 1045 Bill Analysis as Filed, Tex. Leg. 88th RS (Mar. 20, 2023) .......15

SB 1045 Bill Analysis—Committee Report, Tex. Leg. 88th RS (Mar. 23, 2023).............................................................................15

Tex. S. Comm. on Jurisprudence Hearing, Tex. S.B. 1045, 88th Leg., R.S. (Mar. 22, 2023) ........................................... 17, 18, 19, 20

Tex. S.J. Res. 16, 22d Leg., R.S., 1891 Tex. Gen. Laws 197 ................... 8

# ARGUMENT

This case has nothing to do with claims involving the State of Texas, the constitutionality of any statute, or the Business Court—the cases this Court was created to hear.[1] Instead, this is a breach-of-contract lawsuit brought by an individual against his former employer. Nonetheless, Appellant Harbor America Central, Inc. ("Harbor America") appealed to this Court.

This case has been appealed three times before, with each appeal going to the Fourteenth Court of Appeals.[2] Appellee William Reeves ("Reeves") won the two appeals that he filed, while Harbor America voluntarily dismissed the appeal it filed.[3]

Given Harbor America's dismal track record in the Fourteenth Court of Appeals, it's not surprising Harbor America is using whatever

---

[1] TEX. CIV. PRAC. & REM. CODE § 22.220(d); TEX. GOV'T CODE § 25A.007(a).

[2] Harbor America Docketing Statement at § XIII; *Harbor America Central, Inc. v. Reeves*, No. 14-21-00526-CV, In the Fourteenth Court of Appeals at Houston, Texas; *Reeves v. Harbor America Central, Inc.*, No. 14-18-00594-CV, In the Fourteenth Court of Appeals at Houston, Texas; *Reeves v. Harbor America Central, Inc.*, No. 14-17-00518-CV, In the Fourteenth Court of Appeals at Houston, Texas.

[3] *Reeves v. Harbor Am. Cent., Inc.*, 552 S.W.3d 389 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Harbor Am. Cent., Inc. v. Reeves*, No. 14-21-00526-CV, 2021 WL 4472680 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.).

longshot tactic it can to get out of that court. Especially since it owes a judgment of $34 million in this case. But a party's desire to avoid litigating in a specific court—no matter how fervent—is not one that Texas law indulges.

This case has no business being in this Court. The only reason it is here is because Harbor America has used a creative reading of a poorly drafted statute to argue that this Court has appellate jurisdiction over this case. But Harbor America's argument proves too much. If Harbor America is correct, then Senate Bill 1045—the statute that created this Court—gives this Court appellate jurisdiction over every civil case in Texas with more than $250 at issue.[4]

So—if Harbor America is correct—any appellant in any civil case in Texas with more than $250 at issue can, by right, appeal to the Fifteenth Court of Appeals. This would include divorce, car wreck, probate, child custody, and juvenile cases. That is an absurd result never imagined by the Legislature when it created this specialized court.

---

[4] Act of May 21, 2023, 88th Leg., R.S., ch. 459, 2023 Tex. Sess. Law Serv. 1115, 1121 ("SB 1045"), attached as Ex. A.

2

This Court should reject Harbor America's expansive view of its appellate jurisdiction and transfer this appeal to the appellate court that heard the previous three appeals in this case: The Fourteenth Court of Appeals in Houston, Texas.

## I.     This Court does not have jurisdiction over this appeal.

This Court should reject Harbor America's invitation to extend this Court's appellate jurisdiction to every civil case in Texas with more than $250 at issue. Adopting Harbor America's interpretation will result in this Court being inundated with untold appeals and its backlog will be unfathomably long

### A.     Harbor America is attempting to create a loophole that would allow any civil appeal in Texas involving more than $250 to be filed in this Court.

In its notice of appeal, Harbor America admits that this appeal does not fall within this Court's exclusive appellate jurisdiction.[5] But it claims this Court has appellate jurisdiction over every civil appeal in Texas with more than $250 at issue.[6] Harbor America is attempting to exploit poor drafting to expand this Court's jurisdiction far beyond cases

---

[5] Harbor America Notice of Appeal at 1, attached as Ex. B.

[6] Ex. B at 1-2.

involving claims against the State, the constitutionality of a statute, or the Business Court.[7]

Texas is organized into 15 court of appeals districts.[8] The First through Fourteenth Courts of Appeals are composed of specific counties, but the new Fifteenth Court of Appeals "is composed of all counties in this state."[9]

Texas Government Code § 22.220 contains the provisions regarding the civil jurisdiction of Texas intermediate appellate courts. The general jurisdiction provision in § 22.220(a) states that:

> Except as provided by Subsection (d), each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs.[10]

Subsection (d) gives the Fifteenth Court of Appeals "exclusive intermediate appellate jurisdiction over" certain cases involving the

---

[7] TEX. CIV. PRAC. & REM. CODE 22.220(d); Tex. Gov't Code § 25A.007(a).

[8] TEX. GOV'T CODE § 22.201.

[9] TEX. GOV'T CODE § 22.201(p).

[10] TEX. GOV'T CODE § 22.220(a). SB 1045 amended § 22.220(a) to add "Except as provided by Subsection (d)" before the language previously in the statute. SB 1045ß at § 1.05.

State of Texas.[11] There are exclusions from the grant of exclusive intermediate appellate jurisdiction to the Fifteenth Court of Appeals. For example, mental-health commitments, civil-asset forfeitures, eminent domain, and personal injury cases involving the State are not part of the Fifteenth Court of Appeals' exclusive intermediate appellate jurisdiction.[12] In addition, "the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court."[13] The Fifteenth Court of Appeals is authorized to grant mandamus only in cases where it has exclusive intermediate appellate jurisdiction.[14]

Harbor America's position is that the Texas Government Code gives the Fifteenth Court of Appeals jurisdiction over every civil case in the State of Texas with more than $250 at issue.[15] It bases that on §22.220(a)'s general rule giving intermediate appellate courts appellate jurisdiction over civil cases in their district with more than $250 at

---

[11] TEX. GOV'T CODE § 22.220(d).

[12] TEX. GOV'T CODE § 22.220(d).

[13] TEX. GOV'T CODE § 25A.007(a).

[14] TEX. GOV'T CODE § 22.221(d).

[15] Ex. B at 1-2.

issue.[16] Because the Fifteenth Court of Appeals' district is the entire State of Texas, according to Harbor America it can hear appeals from the entire State. Harbor America's position is that the "exclusive intermediate appellate jurisdiction" provision strips other courts of appeals of jurisdiction over those cases, but does not limit the Fifteenth Court of Appeals to cases where it has exclusive intermediate appellate jurisdiction.

SB 1045 is titled "An Act relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases, the compensation of the justices of that court, and the jurisdiction of the courts of appeals in this state."[17] It would be odd for the Legislature to describe every civil case in Texas with at least $250 at issue as "certain civil cases." The Legislature has instructed that a statute's title and caption can be considered when interpreting a statute.[18] The title is strong evidence that the Legislature did not secretly perform the most substantial overhaul of Texas' intermediate appellate courts since 1891.

---

[16] TEX. GOV'T CODE § 22.220(a); Ex. B at 1-2.

[17] SB 1045.

[18] TEX. GOV'T CODE § 311.023(7).

6

In its opinion upholding the constitutionality of the Fifteenth Court of Appeals, the Supreme Court warned against "hyperliteral" and rigid readings of textual language.[19] That is exactly what Harbor America is asking this Court to engage in. Only through hyperliteral and rigid readings of multiple parts of the Texas Government Code can one conclude that the Legislature gave this Court appellate jurisdiction over every civil case in Texas with at least $250 at issue. This Court should reject Harbor America's interpretation.

**B.     If Harbor America's view is adopted, this Court will have appellate jurisdiction over every divorce, child-custody, car wreck, probate, and juvenile case where more than $250 is involved.**

This Court should not be mistaken about the breadth of Harbor America's argument. It claims that the Fifteenth Court of Appeals "has appellate jurisdiction of *all civil cases* within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of

---

[19] *In re Dallas Cnty.*, 697 S.W.3d 142, 158 (Tex. 2024). In its notice of appeal, Harbor America claims the Supreme Court blessed its statutory reading in *Dallas County*. Ex. B at 1-2. But the Supreme Court did not address whether Texas Government Code § 220.22(a) gives the Fifteenth Court of Appeals jurisdiction over cases outside its exclusive jurisdiction. It did not address that statutory provision at all.

interest and costs."[20]

The category of "civil cases" is broad, encompassing all but criminal cases. That is the same term the Texas Constitution used in its 1891 amendment creating the Court of Civil Appeals.[21] So under Texas law, a case is civil or criminal. The breadth of civil—or non-criminal— cases is staggering, covering everything from car wrecks to custody disputes to probate proceedings to juvenile proceedings[22] to toxic-tort cases.[23] Anything that is not criminal.[24]

---

[20] TEX. GOV'T CODE § 22.220(a) (emphasis added). Harbor America is claiming appellate jurisdiction under the general jurisdiction statute for intermediate-appellate courts. Ex. B at 1-2. It claims this Court has appellate jurisdiction even over cases where the Legislature expressly removed this Court's exclusive appellate jurisdiction. *Id.*

[21] Tex. S.J. Res. 16, 22d Leg., R.S., 1891 Tex. Gen. Laws 197, 198-99. This is also the same term the Texas Constitution uses regarding the right to trial by jury. Tex. Const. art. V, § 10 ("no jury shall be empaneled in any *civil case* unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature") (emphasis added).

[22] The Texas Supreme Court has held that "juvenile delinquency procedures are civil in nature" and, for that reason, it—not the Texas Court of Criminal Appeals— hears juvenile cases. *Matter of J.R.R.*, 696 S.W.2d 382, 383 (Tex. 1985).

[23] *A.H. Belo & Co. v. Smith*, 42 S.W. 850, 851 (Tex. 1897) (divorce and probate are civil matters).

[24] For example, just last year the Supreme Court applied that provision in a child-custody case. *Interest of J.N.*, 670 S.W.3d 614, 620 (Tex. 2023) ("The record here shows that Mother had requested, paid for, and was therefore constitutionally entitled to a jury trial. *See* TEX. CONST. art. V, § 10.").

A court's "fundamental goal when reading statutes is to ascertain and give effect to the Legislature's intent."[25] While the textual language is a good guide to the Legislature's intent, courts will reject even "the plain meaning of the words" if it "leads to absurd or nonsensical results."[26]

It is absurd to think that SB 1045 gave this Court appellate jurisdiction over every divorce, car wreck or juvenile appeal in Texas where over $250 was involved. The idea that the Legislature intended the justices of this specialized appellate court to spend their time on who is entitled to the television in the divorce is absurd. The result of the Fifteenth Court of Appeals spending its time on these cases far outside its mandate is absurd.

This image of a divorcing couple dividing their beanie-baby collection in court offers a glimpse of what awaits the Fifteenth Court of

---

[25] *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017) (internal quotation omitted).

[26] *Cadena Comercial*, 518 S.W.3d at 325; *see also Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 131 (Tex. 2018) ("we construe the statute by applying the terms' common, ordinary meaning unless the text supplies a different meaning or the common meaning leads to absurd results").

Appeals if Harbor America is correct:[27]



Gov. Abbott issued a press release when he appointed the inaugural members of the Fifteenth Court of Appeals.[28] He did not highlight the justices' familiarity with family law or juvenile law. Nothing about probate or personal injury. He made no mention of those areas at all. It's almost as if Gov. Abbott did not think the Fifteenth Court of Appeals had appellate jurisdiction over every random car wreck, divorce, probate, or delinquent teenager.

---

[27] STR New/Reuters (Nov. 5, 1999), https://www.huffpost.com/entry/beanie-baby-fever-in-1999_n_58af7d12e4b060480e0661fe.

[28] Office of the Texas Governor, Gov. Abbott Appoints Inaugural Members to Fifteenth Court of Appeals (Jun. 11, 2024), https://gov.texas.gov/news/post/governor-abbott-appoints-inaugural-members-to-fifteenth-court-of-appeals, attached as Ex. C.

### C. If Harbor America's view is adopted, this Court will be inundated with untold appeals and its backlog will be unfathomably long.

Accepting Harbor America's interpretation of this Court's appellate jurisdiction will also lead to the absurd result of a three-justice court created to be a specialist court being given jurisdiction over civil appeals currently being decided by 80 justices.[29] It will lead to untold numbers of appeals being filed in this three-justice Court, leading to enormous backlogs.

There are many appellants who are happy to have their appeals extend indefinitely. Appellants seeking delay will soon be filing their civil appeals in the Fifteenth Court of Appeals. Those new filings will increase the delay, which will lead to even more filings by appellants seeking delay. This will create extreme backlog in this Court, despite this Court's justices' best efforts. And the backlog will beget more backlog in a vicious circle.

The absurdity is more apparent when one considers the reason the Fifteenth Court of Appeals was created. The delay and overcrowding

---

[29] TEX. GOV'T CODE § 22.216. The intermediate appellate courts' civil jurisdiction is limited to cases with over $250 at issue. TEX. GOV'T CODE § 22.220(a).

11

caused by Harbor America's interpretation is the opposite of what the Legislature intended when it created the Fifteenth Court of Appeals. The Texas Business Law Foundation's amicus brief to the Supreme Court in *In re Dallas County* succinctly explained the reasons this Court was created:

> The business court's singular focus is replicated in the Fifteenth Court where the limited docket will enable drastically greater attention to business disputes than the dockets of the other fourteen courts of appeals. This will protect the relative speed of resolution businesses will receive at the business court level, preventing cases that move quickly through trial from stagnating on appeal.[30]

That understanding is non-sensical if Harbor America's interpretation is correct. If Harbor America is correct, then this Court's docket will be unlimited regarding civil cases with over $250 at issue. Rather than this Court mirroring the Business Court's "relative speed of resolution," cases brought to this Court will "stagnat[e] on appeal."

If this court will not transfer this case that (1) has no relationship to the cases this court was designed to handle and (2) his previously

---

[30] Amicus Brief of Texas Business Law Foundation in *In re Dallas County*, No. 24-0426, In the Supreme Court of Texas, at 23.

been in another appellate court for multiple appeals over multiple years, then the appellate bar knows the floodgates are open and any civil case with over $250 at issue can be appealed to this court.

The Supreme Court will not be able to alleviate the backlog in this Court if Harbor America's interpretation is adopted. The Texas Government Code authorizes the Supreme Court to transfer cases between intermediate appellate courts to equalize their dockets.[31] But the Supreme Court is forbidden from transferring an appeal "properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals."[32]

This Court should reject Harbor America's interpretation because it will lead to the absurd result of untold numbers of appeals that have nothing to do with this Court's purpose being filed in it, creating the very backlog this Court was created to stop. Harbor America's interpretation will bring the Texas civil judicial system to a grinding halt.

---

[31] TEX. GOV'T CODE § 73.001(a).
[32] TEX. GOV'T CODE § 73.001(b).

13

**D.    Neither the legislative history nor the views of legal commentators even hinted that SB 1045 gave this Court appellate jurisdiction over every civil appeal in Texas involving more than $250.**

The wrongness of Harbor America's position is shown by the fact that it seems no one in the Legislature, nor any legal commentators, had any idea that SB 1045 supposedly gave this Court appellate jurisdiction over every civil appeal in Texas involving more than $250. So if Harbor America is correct, then the most extreme overhaul of the Texas intermediate appellate court system in over 130 years was done without anyone mentioning it at the time.

**1.    The legislative history shows the Legislature did not think SB 1045 gave the Fifteenth Court of Appeals appellate jurisdiction over every civil appeal in Texas with more than $250 at issue.**

Regardless how the language is interpreted or construed, one thing is beyond certain: No legislator intended that any civil case in Texas with more than $250 at issue could be filed in this three-justice court. The legislative history is clear.[33] The bill analyses and discussion

---

[33] Reeves recognizes the limited role legislative history currently plays under Texas law. *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 135-37 (Tex. 2018). Reeves is using legislative history here because SB 1045 is not clear and unambiguous. The legislative history also bolsters the absurdity argument. The fact that no legislator—nor any observers or commentators—recognized the truly

during hearings make no mention of this extraordinary grant of appellate jurisdiction that Harbor America advances.

All of SB 1045's legislative history is based on the assumption that the Fifteenth Court of Appeals' jurisdiction would be limited to appeals involving the State of Texas, the constitutionality of statutes, and the Business Court, as well as any cases added by the Legislature. Nothing in the legislative history even hints that the Fifteenth Court of Appeals would have appellate jurisdiction over every civil case in the State of Texas with more than $250 at issue.

Senator Joan Huffman was the author of SB 1045. She provided the Author's Statements of Intent regarding the bill when it (1) was filed, (2) passed out of committee, and (3) was enrolled.[34] Nothing in

revolutionary nature of SB 1045 is evidence that SB 1045 is not really so revolutionary, after all. A bill that was designed to streamline appeals of cases with significance to the State of Texas actually creating a system where three justices potentially decide every civil appeal in Texas with over $250 at issue is absurd.

[34] SB 1045 Bill Analysis as Filed, Tex. Leg. 88th RS (Mar. 20, 2023), https://capitol.texas.gov/tlodocs/88R/analysis/pdf/SB01045I.pdf#navpanes=0, attached as Ex. D; SB 1045 Bill Analysis—Committee Report, Tex. Leg. 88th RS (Mar. 23, 2023), https://capitol.texas.gov/tlodocs/88R/analysis/pdf/SB01045S.pdf#navpanes=0, attached as Ex. E; SB 1045 Bill Analysis as Enrolled, Tex. Leg. 88th RS (June 20, 2023), https://capitol.texas.gov/tlodocs/88R/analysis/pdf/SB01045F.pdf#navpanes=0, attached as Ex. F.

Sen. Huffman's Statements of Intent even hinted at—let alone stated—that SB 1045 would give the new Fifteenth Court of Appeals jurisdiction over any Texas civil appeal involving $250 or more. Instead, Sen. Huffman stressed that SB 1045 was being filed to address the perceived problem of "appeals in cases of statewide significance" being "decided by one of Texas's 14 intermediate appellate courts," with these courts' "varying levels of experience with the complex legal issues involved in cases of statewide significance, resulting in inconsistent results for litigants."[35]

Similarly, the House Research Organization's summary of SB 1045 also makes no mention of the bill giving the Fifteenth Court of Appeals jurisdiction over every civil appeal in Texas involving more than $250.[36] Nor does the enrolled bill summary give any hint that SB 1045 gives the Fifteenth Court of Appeals jurisdiction over every civil

---

[35] Ex. D at 1; Ex. E at 1; Ex. F at 1.

[36] House Research Organization Bill Digest of SB 1045, Tex. Leg. 88th RS (May 15, 2023), https://hro-dfr.house.texas.gov/bill-analysis?legislature=88&session=R&billNumber=SB1045, attached as Ex. G.

appeal in Texas involving more than $250.[37]

Harbor America bases its argument on Texas Government Code § 22.220(a), which is the general jurisdiction provision of intermediate appellate courts. If Harbor America were correct, one would expect the Senate Bill Analyses to explain that §22.220(a) gives the Fifteenth Court of Appeals appellate jurisdiction over any civil case with more than $250 at issue. But the Senate Bill Analyses does not do that. Instead, they merely state that § 22.220"(a) Creates an exception under Subsection (d)."[38] That is a rather odd way of saying that § 22.220(a) gives the Fifteenth Court of Appeals jurisdiction over every civil appeal in Texas involving more than $250.

Sen. Huffman spoke in favor of SB 1045 at the Senate Jurisprudence Committee hearing on the bill.[39] Sen. Huffman said a benefit of SB 1045 was prohibiting forum shopping.[40] In response to a

---

[37] Enrolled Bill Summary of SB 1045, Tex. Leg. 88th RS (Sep. 1, 2023), https://capitol.texas.gov/BillLookup/BillSummary.aspx?LegSess=88R&Bill=SB1045, attached as Ex. H.

[38] Ex. D at 2; Ex. E at 2; Ex. F at 2.

[39] Tex. S. Comm. on Jurisprudence Hearing, Tex. S.B. 1045, 88th Leg., R.S. (Mar. 22, 2023) ("Hearing") https://capitol.texas.gov/tlodocs/88R/witlistbill/html/SB01045S.htm

[40] Hearing at 16:20.

question of why cases against the State should not be heard by all appellate courts, Sen. Huffman said that having one appellate court hear all appeals regarding the State would avoid forum shopping.[41] But instead of prohibiting forum shopping—as Sen. Huffman stated SB 1045 did—Harbor America's interpretation turbocharges forum shopping. If Harbor America's interpretation prevails, then every appellant in a civil case worth over $250 can choose to have its appeal heard by the regional intermediate appellate court or this Court. That makes appellate forum shopping a standard part of every civil appeal.

Lee Parsley, the General Counsel of Texans for Lawsuit Reform, testified in favor of the bill. He began his testimony by emphasizing that "the issues this Court is considering are issues of statewide importance. In fact, I think that's all the Court will be hearing."[42] Parsley compared this Court to the United States Court of Appeals for the Federal Circuit, which he described as "a national court that hears issues of national importance."[43] He said that the creation of the

---

[41] Hearing at 16:20.

[42] Hearing at 20:40

[43] Hearing at 21:10

Fifteenth Court "mirrors the federal system."[44] Nothing Parsley said is remotely true if Harbor America is correct. To follow Harbor America's interpretation is to believe that a major proponent of SB 1045—who spoke in favor of the bill and filed an amicus brief at the Supreme Court supporting it—actually didn't understand how the bill worked. At all.[45]

Grace Weatherly testified on behalf of the three major trial bars in Texas: American Board of Trial Advocates, Texas Association of Defense Counsel, and Texas Trial Lawyer's Association.[46] All three groups opposed SB 1045, but they did not raise the issue of any civil case with over $250 at issue being able to be filed in the Fifteenth Court of Appeals.[47] So if Harbor America is correct, the major trial bars in Texas were staggeringly ignorant and failed to understand the SB 1045's true breadth.

---

[44] Hearing at 21:10

[45] Amicus Brief of Lee Parsley as General Counsel of Texans for Lawsuit Reform Texas Business Law Foundation in *In re Dallas County*, No. 24-0426, In the Supreme Court of Texas, at 23.

[46] Hearing at 23:30-27:18.

[47] Hearing at 23:30-27:18.

Justice Dennise Garcia of the Fifth Court of Appeals testified regarding SB 1045.[48] She explained that by giving the Fifteenth Court of Appeals jurisdiction over State-related cases and cases from the Business Court, litigants would be deprived of having local appellate justices decide their appeals.[49] She did not address this Court having appellate jurisdiction over every civil case in Texas over $250.[50] Justice Garcia, therefore, did not interpret SB 1045 as Harbor America does.

It strains credulity to believe that the senator who wrote SB 1045, a Texas Court of Appeals Justice, and the organizations that supported—and opposed— it all failed to understand the bill's true breadth.

### 2. Legal commentators did not understand SB 1045 as allowing any civil case in Texas with over $250 at issue to be appealed to this Court.

Many major Texas and national law firms provided client updates on SB 1045's passage and the new Fifteenth Court of Appeals. Those updates uniformly failed to recognize the "fact" that SB 1045 granted

---

[48] Hearing at 45:10-49:35.

[49] Hearing at 45:10-49:35.

[50] Hearing at 45:10-49:35.

the Fifteenth Court of Appeals appellate jurisdiction over every civil case in Texas with over $250 at issue. If Harbor America were correct, then none of those lawyers examining SB 1045 actually understood what the bill did. That is strong evidence of the weakness of Harbor America's argument.[51]

[51] Dale Wainwright & Justin Bernstein, Introducing Texas's Fifteenth Court of Appeals, The National Law Review (July 5, 2024), https://natlawreview.com/article/introducing-texass-fifteenth-court-appeals#google_vignette, attached as Ex. I; Dale Wainwright & Justin Bernstein, Introducing Texas's Fifteenth Court of Appeals, GT Alert, GreenbergTraurig (July 5, 2024), https://www.gtlaw.com/en/insights/2024/7/introducing-texass-fifteenth-court-of-appeals, attached as Ex. J; Crowell, Texas Creates Two New Courts: State Supreme Court Upholds Legislature's Right to Create Statewide Court of Appeals (Aug. 30, 2024), https://www.crowell.com/en/insights/client-alerts/texas-creates-two-new-courts-state-supreme-court-upholds-legislatures-right-to-create-statewide-court-of-appeals, attached as Ex. K; Andrew D. Bergman & Ryan Hartman, Arnold & Porter, Open for Business: Texas Launches New Business Court and Court of Appeals (Aug. 28, 2024), https://www.arnoldporter.com/en/perspectives/advisories/2024/08/texas-launches-new-business-court-and-court-of-appeals, attached as Ex. L; Gibson Dunn Client Alert, Texas Supreme Court Unanimously Upholds Constitutionality Of Fifteenth Court Of Appeals (Aug. 23, 2024), https://www.gibsondunn.com/texas-supreme-court-unanimously-upholds-constitutionality-of-fifteenth-court-of-appeals/, attached as Ex. M; Mark C. Walker, Dickinson Wright, Texas' New Business Courts and Court of Appeals (Aug. 2023), https://www.dickinson-wright.com/news-alerts/texas-new-business-courts-and-court-of-appeals, attached as Ex. N; Reed Smith In-Depth, Texas business courts are up and running: Key points to consider (Sept. 20, 2024), https://www.reedsmith.com/en/perspectives/2024/09/texas-business-courts-are-up-and-running-key-points-to-consider, attached as Ex. O; Crain Caton & James, New Texas Appellate Court for Cases with State Agencies, https://www.craincaton.com/new-texas-appellate-court-for-cases-with-state-agencies/, attached as Ex. P; David Coale, Proposed 'business court' isn't worth the constitutional risk, THE DALLAS MORNING NEWS (Apr. 22, 2023), https://www.dallasnews.com/opinion/commentary/2023/04/22/proposed-business-court-isnt-worth-the-constitutional-risk/, attached as Ex. Q.

Even Beck Redden—Harbor America's law firm in this appeal—missed the "fact" that the Fifteenth Court of Appeals was given appellate jurisdiction over any civil case in Texas with over $250 at issue. In a July 21, 2023 legal update, Beck Redden lawyers explained how the Fifteenth Court of Appeals would work, but they did not mention the expansive jurisdiction Harbor America is now claiming.[52]

The fact that the most learned observers of Texas courts and Texas appellate law did not realize the supposed true import of SB 1405 is strong evidence that the Fifteenth Court of Appeals' appellate jurisdiction is not as broad as Harbor America claims.

## II. This Court should transfer this case to the Fourteenth Court of Appeals even if it determines that it has appellate jurisdiction.

Even if this Court were to conclude that it has appellate jurisdiction over this appeal, it should still transfer this appeal to the Fourteenth Court of Appeals for two reasons:

> 1. The Fourteenth Court of Appeals has heard the three previous appeals in this case; and

---

[52] Nicholas Bruno & Madison Moore, Beck Redden, 4 Things Cos. Must Know About Texas' New Business Courts (July 21, 2023), https://beckredden.com/wp-content/uploads/2023/07/Law360-4-Things-Cos.-Must-Know-About-Texas-New-Business-Courts.pdf, attached as Ex. R.

2. This appeal will require the justices to sit in judgment of Chief Justice Brister's arguments and work.[53]

These are independent grounds on which this Court can transfer this appeal to the Fourteenth Court of Appeals.

## A. The Fourteenth Court of Appeals has heard the three previous appeals in this case.

This case has been appealed three times before, with each appeal going to the Fourteenth Court of Appeals.[54] Reeves won the two appeals that he filed, while Harbor America voluntarily dismissed the appeal it filed.[55]

---

[53] The Texas Supreme Court is barred from transferring an appeal "properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals." TEX. GOV'T CODE § 73.001(b). But that provision does not apply here for at least two reasons. First, it would be the Fifteenth Court of Appeals—not the Supreme Court—transferring the case. Second, the appeal would not be transferred for docket equalization, but because the previous three appeals in the case were heard by the Fourteenth Court of Appeals or because of Chief Justice Brister's representation of Harbor America in this case.

[54] Harbor America Docketing Statement at § XIII; *Harbor America Central, Inc. v. Reeves*, No. 14-21-00526-CV, In the Fourteenth Court of Appeals at Houston, Texas; *Reeves v. Harbor America Central, Inc.*, No. 14-18-00594-CV, In the Fourteenth Court of Appeals at Houston, Texas; *Reeves v. Harbor America Central, Inc.*, No. 14-17-00518-CV, In the Fourteenth Court of Appeals at Houston, Texas.

[55] *Reeves v. Harbor Am. Cent., Inc.*, 552 S.W.3d 389 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Harbor Am. Cent., Inc. v. Reeves*, No. 14-21-00526-CV, 2021 WL 4472680 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.).

Given Harbor America's dismal track record in the Fourteenth Court of Appeals, it's not surprising Harbor America is using whatever longshot tactic it can to get out of that court. But a party's desire to avoid litigating in a specific court—no matter how fervent—is not one that Texas law indulges. This Court should transfer this appeal to the appellate court that has heard the previous three appeals in this case: The Fourteenth Court of Appeals in Houston, Texas.

### B. This appeal will require the justices to sit in judgment of Chief Justice Brister's arguments and work.

The fact that this appeal causes this Court to sit in judgment over the work of its chief justice weighs in favor of transferring this case. Chief Justice Brister was brought in as Harbor America's appellate lawyer after it was hit with the $34 million verdict in this case.[56] Chief Justice Brister was Harbor America's chief appellate lawyer on its opposition to Reeve's motion for judgment in this case as well as Harbor America's opposition to Reeve's motion for sanctions.[57]

In this appeal, this Court will be determining if its Chief Justice's

---

[56] *See* Reeves' Notice of Disqualification (Dec. 15, 2024).
[57] *Id.*

strategy and argument were correct. While the Chief Justice is constitutionally disqualified, so he will not hear this appeal, his presence looms over it. It will strain the bonds collegiality—so important for any appellate court, but especially important for a new and untested court—to ask it to sit in judgment over their colleague's work. Especially when that colleague is the chief justice of their three-justice court that was just established less than four months ago.

It is best for this Court, as well as the administration of justice, to not have its members put in such an uncomfortable and unseemly position.

## III.   Conclusion

This Court should transfer this appeal to the Fourteenth Court of Appeals at Houston, Texas.

Respectfully submitted,

/s/ David George

Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Lionel Sims III
Texas Bar No. 24107465
lsims@txattorneys.com
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

David George
Texas Bar No. 00793212
THE GEORGE LAW FIRM PLLC
440 Louisiana Street, Suite 900
Houston, Texas 77002
Telephone: (713) 857-2280
dgeorge@georgeappeals.com

*Counsel for Appellee William Reeves*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2024, I served a copy of the foregoing document upon the following counsel of record via electronic filing:

> Joshua S. Smith
> jsmith@beckredden.com
> Russell S. Post
> rpost@beckredden.com
> BECK REDDEN LLP
> 1221 McKinney, Suite 4500
> Houston, Texas 77010
>
> *Counsel for Appellant*
> *Harbor America Central, Inc.*

> */s/ David George*
> David George

## CERTIFICATE OF CONFERENCE

I certify that on December 14, 2024, I conferred with Appellant's counsel Russell S. Post. He stated that Appellant opposed the Court granting the relief requested in this motion.

> */s/ David George*
> David George



AN ACT

relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases, the compensation of the justices of that court, and the jurisdiction of the courts of appeals in this state.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

ARTICLE 1. FIFTEENTH COURT OF APPEALS

SECTION 1.01. Section 22.201, Government Code, is amended by amending Subsection (a) and adding Subsection (p) to read as follows:

(a) The state is organized [divided] into 15 [14] courts of appeals districts with a court of appeals in each district.

(p) The Fifteenth Court of Appeals District is composed of all counties in this state.

SECTION 1.02. Subchapter C, Chapter 22, Government Code, is amended by adding Section 22.2151 to read as follows:

Sec. 22.2151. FIFTEENTH COURT OF APPEALS. (a) The Court of Appeals for the Fifteenth Court of Appeals District shall be held in the City of Austin.

(b) The Fifteenth Court of Appeals may transact its business in any county in the district as the court determines is necessary and convenient.

SECTION 1.03. Subchapter C, Chapter 22, Government Code, is amended by adding Section 22.2152 to read as follows:

1

Sec. 22.2152. REPORT ON FIFTEENTH COURT OF APPEALS. Not later than December 1 of each year, the Office of Court Administration of the Texas Judicial System shall submit to the legislature a report on the number and types of cases heard by the Court of Appeals for the Fifteenth Court of Appeals District in the preceding state fiscal year.

SECTION 1.04. Section 22.216, Government Code, is amended by adding Subsections (n-1) and (n-2) to read as follows:

(n-1) The Court of Appeals for the Fifteenth Court of Appeals District consists of a chief justice and of four justices holding places numbered consecutively beginning with Place 2.

(n-2) Notwithstanding Subsection (n-1), the Court of Appeals for the Fifteenth Court of Appeals District consists of a chief justice and of two justices holding places numbered consecutively beginning with Place 2 for the first three years following the court's creation. This subsection expires September 1, 2027.

SECTION 1.05. Section 22.220, Government Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Except as provided by Subsection (d), each [Each] court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs.

(d) The Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over

the following matters arising out of or related to a civil case:

(1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003, Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than:

(A) a proceeding brought under the Family Code and any related motion or proceeding;

(B) a proceeding brought under Chapter 7B or Article 17.292, Code of Criminal Procedure;

(C) a proceeding brought against a district attorney, a criminal district attorney, or a county attorney with criminal jurisdiction;

(D) a proceeding relating to a mental health commitment;

(E) a proceeding relating to civil asset forfeiture;

(F) a condemnation proceeding for the acquisition of land or a proceeding related to eminent domain;

(G) a proceeding brought under Chapter 101, Civil Practice and Remedies Code;

(H) a claim of personal injury or wrongful death;

(I) a proceeding brought under Chapter 125, Civil Practice and Remedies Code, to enjoin a common nuisance;

(J) a proceeding brought under Chapter 55, Code of Criminal Procedure;

(K) a proceeding under Chapter 22A, Government Code;

(L) a proceeding brought under Subchapter E-1, Chapter 411, Government Code;

(M) a proceeding brought under Chapter 21, Labor Code;

(N) a removal action under Chapter 87, Local Government Code; or

(O) a proceeding brought under Chapter 841, Health and Safety Code;

(2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case; and

(3) any other matter as provided by law.

SECTION 1.06. Section 22.221, Government Code, is amended by amending Subsection (b) and adding Subsections (c) and (c-1) to read as follows:

(b) Subject to Subsection (c-1), each [Each] court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against [:

[(1)] a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district[;

[(2)  a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

[(3)  an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge].

(c)  Each court of appeals for a court of appeals district, other than the Court of Appeals for the Fifteenth Court of Appeals District, may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against:

(1)  a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(2)  an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c-1)  The original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.07.  Section 22.229(a), Government Code, is amended to read as follows:

(a)  An appellate judicial system fund is established for each court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, to:

(1)  assist the court of appeals in the processing of appeals filed with the court of appeals from the county courts,

5

statutory county courts, statutory probate courts, and district courts in the counties the court of appeals serves; and

(2) defray costs and expenses incurred in the operation of the court of appeals.

SECTION 1.08. Section 73.001, Government Code, is amended to read as follows:

Sec. 73.001. AUTHORITY TO TRANSFER. (a) Except as provided by Subsection (b), the [The] supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.

(b) The supreme court may not transfer any case or proceeding properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals.

(c) The supreme court shall adopt rules for:

(1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and

(2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.09. Section 659.012(a), Government Code, is amended to read as follows:

(a) Notwithstanding Section 659.011 and subject to Subsections (b) and (b-1):

(1)  a judge of a district court is entitled to an annual base salary from the state as set by the General Appropriations Act in an amount equal to at least $140,000, except that the combined base salary of a district judge from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the amount that is $5,000 less than the maximum combined base salary from all state and county sources for a justice of a court of appeals other than a chief justice as determined under this subsection;

(2)  except as provided by Subdivision (3), a justice of a court of appeals other than the chief justice is entitled to an annual base salary from the state in the amount equal to 110 percent of the state base salary of a district judge as set by the General Appropriations Act, except that the combined base salary of a justice of the court of appeals other than the chief justice from all state and county sources, including compensation for any extrajudicial services performed on behalf of the county, may not exceed the amount that is $5,000 less than the base salary for a justice of the supreme court as determined under this subsection;

(3)  a justice of the Court of Appeals for the Fifteenth Court of Appeals District other than the chief justice is entitled to an annual base salary from the state in the amount equal to $5,000 less than 120 percent of the state base salary of a district judge as set by the General Appropriations Act;

(4)  a justice of the supreme court other than the chief justice or a judge of the court of criminal appeals other than the

7

presiding judge is entitled to an annual base salary from the state in the amount equal to 120 percent of the state base salary of a district judge as set by the General Appropriations Act; and

(5) [(4)] the chief justice or presiding judge of an appellate court is entitled to an annual base salary from the state in the amount equal to $2,500 more than the state base salary provided for the other justices or judges of the court, except that the combined base salary of the chief justice of a court of appeals from all state and county sources may not exceed the amount equal to $2,500 less than the base salary for a justice of the supreme court as determined under this subsection.

SECTION 1.10.  Section 2001.038(f), Government Code, is amended to read as follows:

(f)  A Travis County district court in which an action is brought under this section, on its own motion or the motion of any party, may request transfer of the action to the Court of Appeals for the Fifteenth [Third] Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the validity or applicability of the rule in question and the case would ordinarily be appealed.  After filing of the district court's request with the court of appeals, transfer of the action may be granted by the court of appeals if it agrees with the findings of the district court concerning the application of the statutory standards to the action.  On entry of an order by the court of appeals granting transfer, the action is transferred to the court of appeals for decision, and the validity or applicability of the rule in question is subject to judicial

review by the court of appeals. The administrative record and the district court record shall be filed by the district clerk with the clerk of the court of appeals. The court of appeals may direct the district court to conduct any necessary evidentiary hearings in connection with the action.

SECTION 1.11. Section 2001.176(c), Government Code, is amended to read as follows:

(c) A Travis County district court in which an action is brought under this section, on its own motion or on motion of any party, may request transfer of the action to the Court of Appeals for the Fifteenth [Third] Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the legal issues in the case and the case would ordinarily be appealed. After filing of the district court's request with the court of appeals, transfer of the action may be granted by the court of appeals if it agrees with the findings of the district court concerning the application of the statutory standards to the action. On entry of an order by the court of appeals granting transfer, the action is transferred to the court of appeals for decision, and the agency decision in the contested case is subject to judicial review by the court of appeals. The administrative record and the district court record shall be filed by the district clerk with the clerk of the court of appeals. The court of appeals may direct the district court to conduct any necessary evidentiary hearings in connection with the action.

SECTION 1.12. Section 2301.751(a), Occupations Code, is

amended to read as follows:

(a) A party to a proceeding affected by a final order, rule, or decision or other final action of the board with respect to a matter arising under this chapter or Chapter 503, Transportation Code, may seek judicial review of the action under the substantial evidence rule in:

(1) a district court in Travis County; or

(2) the court of appeals for the Fifteenth [Third] Court of Appeals District.

SECTION 1.13. Section 39.001(e), Utilities Code, is amended to read as follows:

(e) Judicial review of competition rules adopted by the commission shall be conducted under Chapter 2001, Government Code, except as otherwise provided by this chapter. Judicial review of the validity of competition rules shall be commenced in the Court of Appeals for the Fifteenth [Third] Court of Appeals District and shall be limited to the commission's rulemaking record. The rulemaking record consists of:

(1) the notice of the proposed rule;

(2) the comments of all interested persons;

(3) all studies, reports, memoranda, or other materials on which the commission relied in adopting the rule; and

(4) the order adopting the rule.

SECTION 1.14. (a) Except as otherwise provided by this Act, the Court of Appeals for the Fifteenth Court of Appeals District is created September 1, 2024.

(b) If the Court of Appeals for the Fifteenth Court of

Appeals District is created, the initial vacancies in the offices of chief justice and justices of the court shall be filled by appointment.

SECTION 1.15. (a) The changes in law made by this Act apply to appeals perfected on or after September 1, 2024.

(b) On September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District.

(c) When a case is transferred as provided by Subsection (b) of this section:

(1) all processes, writs, bonds, recognizances, or other obligations issued from the other courts of appeal are returnable to the Court of Appeals for the Fifteenth Court of Appeals District as if originally issued by that court; and

(2) the obligees on all bonds and recognizances taken in and for the other courts of appeal and all witnesses summoned to appear in another court of appeals are required to appear before the Court of Appeals for the Fifteenth Court of Appeals District as if originally required to appear before the Court of Appeals for the Fifteenth Court of Appeals District.

ARTICLE 2. CONFORMING AMENDMENTS

SECTION 2.01. Article 4.01, Code of Criminal Procedure, is amended to read as follows:

Art. 4.01. WHAT COURTS HAVE CRIMINAL JURISDICTION. The

following courts have jurisdiction in criminal actions:

 1.  The Court of Criminal Appeals;

 2.  Courts of appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District;

 3.  The district courts;

 4.  The criminal district courts;

 5.  The magistrates appointed by the judges of the district courts of Bexar County, Dallas County, Tarrant County, or Travis County that give preference to criminal cases and the magistrates appointed by the judges of the criminal district courts of Dallas County or Tarrant County;

 6.  The county courts;

 7.  All county courts at law with criminal jurisdiction;

 8.  County criminal courts;

 9.  Justice courts;

 10.  Municipal courts;

 11.  The magistrates appointed by the judges of the district courts of Lubbock County;

 12.  The magistrates appointed by the El Paso Council of Judges;

 13.  The magistrates appointed by the Collin County Commissioners Court;

 14.  The magistrates appointed by the Brazoria County Commissioners Court or the local administrative judge for Brazoria County; and

 15.  The magistrates appointed by the judges of the

district courts of Tom Green County.

SECTION 2.02.  Article 4.03, Code of Criminal Procedure, is amended to read as follows:

Art. 4.03.  COURTS OF APPEALS.  The Courts of Appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District, shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed.  This article [Article] shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

SECTION 2.03.  Article 44.25, Code of Criminal Procedure, is amended to read as follows:

Art. 44.25.  CASES REMANDED.  The courts of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, or the Court of Criminal Appeals may reverse the judgment in a criminal action, as well upon the law as upon the facts.

SECTION 2.04.  Section 31.001, Government Code, is amended to read as follows:

Sec. 31.001.  AUTHORITY FOR COUNTY PAYMENT OF COMPENSATION. The commissioners courts in the counties of each of the 15 [14] courts of appeals districts may pay additional compensation in an amount that does not exceed the limitations of Section 659.012 to

13

each of the justices of the courts of appeals, other than a justice of the Court of Appeals of the Fifteenth Court of Appeals District, residing within the court of appeals district that includes those counties. The compensation is for all extrajudicial services performed by the justices.

ARTICLE 3. SPECIFIC APPROPRIATION REQUIRED; CONSTITUTIONAL CHALLENGE; EFFECTIVE DATE

SECTION 3.01. (a) Notwithstanding Section 22.201(a), Government Code, as amended by this Act, and Sections 22.201(p) and 22.2151, Government Code, as added by this Act, the Court of Appeals for the Fifteenth Court of Appeals District is not created unless the legislature makes a specific appropriation of money for that purpose. For purposes of this subsection, a specific appropriation is an appropriation identifying the Court of Appeals for the Fifteenth Court of Appeals District or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of the Court of Appeals for the Fifteenth Court of Appeals District.

(b) Notwithstanding Section 22.220(a), Government Code, as amended by this Act, a court of appeals has the same jurisdiction the court had on August 31, 2023, if the Court of Appeals for the Fifteenth Court of Appeals District is not created as a result of Subsection (a) of this section.

SECTION 3.02. The Texas Supreme Court has exclusive and original jurisdiction over a challenge to the constitutionality of this Act or any part of this Act and may issue injunctive or declaratory relief in connection with the challenge.

SECTION 3.03. This Act takes effect September 1, 2023.

14

_____    _____
   President of the Senate           Speaker of the House

I hereby certify that S.B. No. 1045 passed the Senate on March 30, 2023, by the following vote: Yeas 19, Nays 12; and that the Senate concurred in House amendments on May 21, 2023, by the following vote: Yeas 19, Nays 12.

_____
Secretary of the Senate

I hereby certify that S.B. No. 1045 passed the House, with amendments, on May 19, 2023, by the following vote: Yeas 91, Nays 47, two present not voting.

_____
Chief Clerk of the House

Approved:

_____
         Date

_____
       Governor

B

ACCEPTED
11/15/2024 2:56 PM
15-24-00128-CV
Marilyn Burgess - District Clerk Harris County
Envelope No: 94357219
By: Melissa Medina
Filed: 11/15/2024 2:56 PM

CAUSE NO. 2017-25574

| | | |
|---|---|---|
| WILLIAM REEVES | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | FILED IN |
| | § | 15th COURT OF APPEALS |
| | § | AUSTIN, TEXAS |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | 11/27/2024 10:36 AM |
| | § | CHRISTOPHER A. PRINE |
| HARBOR AMERICA CENTRAL INC., | § | Clerk |
| *Defendant.* | § | 55th JUDICIAL DISTRICT |

---

## DEFENDANT HARBOR AMERICA CENTRAL INC.'S NOTICE OF APPEAL

---

Defendant, Harbor America Central, Inc., gives notice that it desires to appeal from the following judgment and order in Cause No. 2017-25574; *William Reeves v. Harbor America Central, Inc.*; In the 55th Judicial District Court of Harris County, Texas:

- the Final Judgment signed on August 19, 2024, all interlocutory rulings that merged into that Final Judgment, and the denial of all Defendant's post-judgment motions (which were all overruled by operation of law); and

- the Order Granting Plaintiff's Supplemental Application for Sanctions Related to His Anti-SLAPP Motion to Dismiss signed on October 2, 2024, along with the denial by operation of law of Defendant's Motion to Reconsider that order.

This appeal will be to the Fifteenth Court of Appeals at Austin. The Fifteenth Court has exclusive jurisdiction over appeals involving the State and certain other enumerated subjects. Tex. Gov't Code § 22.220(d). But in addition, each of the courts of appeals—including the Fifteenth Court—has "appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction…." *Id.* § 22.220(a). The Supreme Court of Texas recently affirmed that the "district" of the Fifteenth Court extends statewide:

Since the Fifteenth Court's district is statewide, the court may exercise appellate jurisdiction over cases from any district and county court, subject to legislative restriction.

*In re Dallas Cnty.*, 697 S.W.3d 142, 159 (Tex. 2024).  This civil appeal comes from a district court in a county within the Fifteenth Court's "district" and it is not subject to any legislative restriction. Thus, it comes within the plain language of the Fifteenth Court's concurrent jurisdiction pursuant to § 22.220(a).

Respectfully submitted,

BARNWELL LAW GROUP, P.C.

Cory Barnwell
GA Bar No.: 466740,
AZ Bar No.: 034721
Suwanee, Georgia 30024
Telephone: (678) 559-6214
Facsimile: (678) 559-0778
cbarnwell@barnwelllawgroup.com

AMINI & CONANT

Jared A. Greathouse
TX Bar No.: 24077284
1204 San Antonio St., Second Floor
Austin, Texas 78701
Telephone: (512) 222-6883
Facsimile: (678) 900-7967
jared@aminiconant.com

BECK REDDEN LLP

By:     */s/ Joshua S. Smith*
        Joshua S. Smith
        State Bar No. 24093173
        jsmith@beckredden.com
        Russell S. Post
        State Bar No. 00797258
        rpost@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: 713-951-3700

Attorneys for Defendant, Harbor America Central Inc.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record herein on November 15, 2024 in accordance with the Texas Rules of Civil Procedure.

<u>*/s/ Joshua S. Smith*</u>
Joshua S. Smith

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jesse Crochet on behalf of Joshua Smith
Bar No. 24093173
jcrochet@beckredden.com
Envelope ID: 94357219
Filing Code Description: Notice of Appeal
Filing Description: Defendant Harbor America Central, Inc.'s Notice of Appeal
Status as of 11/15/2024 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cheryl Bayley | | Cbayley@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Kayla Irvin | | kirvin@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Jessica Salto | | jsalto@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Crystal Del Toro | | cdeltoro@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Charles A.Sturm | | csturm@sturmlegal.com | 11/15/2024 2:56:09 PM | SENT |
| Christopher Leavitt | | cleavitt@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Buzbee Law Firm | | efiling@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Charles Sturm | | service@sturmlegal.com | 11/15/2024 2:56:09 PM | SENT |
| Russell S.Post | | rpost@beckredden.com | 11/15/2024 2:56:09 PM | SENT |
| Joshua S.Smith | | jsmith@beckredden.com | 11/15/2024 2:56:09 PM | SENT |
| Lionel Sims | | Lsims@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 11/15/2024 2:56:09 PM | SENT |
| James RFrancis | | jfrancis@barnwelllawgroup.com | 11/15/2024 2:56:09 PM | SENT |
| Patrick CoryBarnwell | | cbarnwell@barnwelllawgroup.com | 11/15/2024 2:56:09 PM | SENT |
| Jared AGreathouse | | jared@aminiconant.com | 11/15/2024 2:56:09 PM | SENT |
| Jared Greathouse | | Service@aminiconant.com | 11/15/2024 2:56:09 PM | SENT |
| Cameron Davis | | cdavis@huntonak.com | 11/15/2024 2:56:09 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jesse Crochet on behalf of Joshua Smith
Bar No. 24093173
jcrochet@beckredden.com
Envelope ID: 94757615
Filing Code Description: Docketing Statement
Filing Description: Docketing Statement
Status as of 11/27/2024 12:53 PM CST

Associated Case Party: Harbor America Central, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell S.Post | | rpost@beckredden.com | 11/27/2024 10:36:15 AM | SENT |
| Joshua S.Smith | | jsmith@beckredden.com | 11/27/2024 10:36:15 AM | SENT |

Associated Case Party: William Reeves

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Anthony G.Buzbee | | tbuzbee@txattorneys.com | 11/27/2024 10:36:15 AM | SENT |
| Lionel Sims | 24107465 | lsims@txattorneys.com | 11/27/2024 10:36:15 AM | SENT |
| Chris J.leavitt | | cleavitt@txattorneys.com | 11/27/2024 10:36:15 AM | SENT |
| Ryan Pigg | 24088227 | rpigg@txattorneys.com | 11/27/2024 10:36:15 AM | SENT |
| Thomas Holler | 24126898 | choller@txattorneys.com | 11/27/2024 10:36:15 AM | SENT |
| Anthony Buzbee | 24001820 | ledelacruz@txattorneys.com | 11/27/2024 10:36:15 AM | ERROR |




**Office of the Texas Governor | Greg Abbott**

# Governor Abbott Appoints Inaugural Members To Fifteenth Court Of Appeals

June 11, 2024 | Austin, Texas | Press Release

Governor Greg Abbott today announced his inaugural appointments to the new Fifteenth Court of Appeals, which was created last year to have exclusive intermediate appellate jurisdiction over appeals involving disputes brought by or against the State and its officers and challenges to the constitutionality of a state statute. It will also have exclusive jurisdiction to review judgments from Texas' business courts.

The Governor has appointed Scott A. Brister as Chief Justice, Place 1, Scott K. Field, Place 2, and April L. Farris, Place 3, to the Fifteenth Court of Appeals, effective September 1, 2024, for terms set to expire on December 31, 2026, or until their successors shall be duly elected and qualified.

"Last year, I worked with the Texas Legislature to pass a law creating a centralized court of appeals to resolve public law disputes and constitutional challenges that impact Texans across our great state, as well as appeals from the first-ever Texas business courts," said Governor Abbott. "Today, those plans come to fruition, and I am proud to appoint the first three members of the Fifteenth Court of Appeals. These highly experienced individuals will serve a vital role in our state's effort to ensure that the Texas Constitution and state statutes

are applied uniformly throughout Texas and that businesses have a sophisticated and efficient process to resolve their disputes. I look forward to working with them as we continue to create a bigger, better Texas for all."

**Scott A. Brister** of Austin is a Senior Partner at Hunton Andrews Kurth LLP. Previously, he served as a Justice on the Supreme Court of Texas, Justice and Chief Justice of the First and Fourteenth Courts of Appeals, and Judge of the 234th Judicial District Court. He is a member of the State Bar of Texas and its Pattern Jury Charge Committee and is board certified in Civil Appellate Law, Civil Trial Law, and Personal Injury Law by the Texas Board of Legal Specialization. He is a former member of the Supreme Court Advisory Committee, Supreme Court Jury Task Force, and American Law Institute and former chair of the Texas Commission on Public School Finance. Brister received a Bachelor of Arts in History from Duke University and a Juris Doctor from Harvard Law School.

**Scott K. Field** of Liberty Hill is Judge of the 480th Judicial District Court in Williamson County. Previously, he served as a Justice of the Third Court of Appeals, partner at Butler Snow, LLP, managing partner of the Field Law Firm, PLLC and York, Keller & Field, LLP, and an attorney at Baker Botts LLP. He is a member of the State Bar of Texas, Williamson County Bar Association, Austin Bar Association, Texas Supreme Court Historical Society, The Federalist Society, and the Williamson County Christian Legal Society and a board member of Williamson County Inn of Court. Additionally, he is a life fellow of the Texas Bar Foundation and Austin Bar Foundation and former director of the Texas Aggie Bar Association. He is a mentor for The University of Texas (UT) School of Law Mentoring Program and a Deacon and Trustee of Austin Baptist Church. Field received a Bachelor of Arts in Political Science from Texas A&M University and a Juris Doctor from UT Austin School of Law.

**April L. Farris** of Houston is a Justice on the First Court of Appeals, where she has served since January 2021. Previously, she was an Appellate Litigation Partner at Yetter Coleman, LLP and served as an Assistant Solicitor General for the Texas Solicitor General's Office. She is an editorial board member for The Advocate, executive committee member for the Garland R. Walker Inn of Court, and an honorary board member for Houston's Christian Legal Society. Additionally, she is a member of the American Law Institute, Texas State Bar Appellate Section, Texas Supreme Court Historical Society, and the Texas Pattern

Jury Charge Oversight Committee, a life fellow of the Texas Bar Foundation, and a volunteer as a National Association of Women Judges mentor judge. Farris received a Bachelor of Science in Integrated Marketing Communications from Abilene Christian University and a Juris Doctor from Harvard Law School.

**Office of the Texas Governor**

P.O. Box 12428
Austin Texas 78711
(512) 463-2000

Employment

Site Policies

Accessibility

Report Fraud

Site Map

Where the Money Goes

TRAIL Search

Texas Veterans Portal

Texas.gov

RSS Feed





Senate Research Center                                                                    S.B. 1045
88R9072 AMF-F                                                                            By: Huffman
                                                                                      Jurisprudence
                                                                                          3/20/2023
                                                                                            As Filed

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

Civil cases of statewide significance frequently involve the state, a state agency, or a state official (sued in connection with their official action) as a party. These cases require courts to apply highly specialized precedent in complex areas of law including sovereign immunity, administrative law, and constitutional law.

Under the current judicial system, appeals in cases of statewide significance are decided by one of Texas's 14 intermediate appellate courts. These courts have varying levels of experience with the complex legal issues involved in cases of statewide significance, resulting in inconsistent results for litigants.

S.B. 1045 addresses these problems by establishing an intermediate court of appeals with exclusive jurisdiction over cases to which the state, a state agency, or a state official is a party. The justices on this new Fifteenth Court of Appeals are elected statewide, ensuring that all Texans have a voice in the selection of judges who decide cases of statewide importance.

As proposed, S.B. 1045 amends current law relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases, the compensation of the justices of that court, and the jurisdiction of the courts of appeals in this state and authorizes fees.

**RULEMAKING AUTHORITY**

Rulemaking authority is expressly granted to the Supreme Court of Texas in SECTION 1.07 (Section 73.001, Government Code) of this bill.

**SECTION BY SECTION ANALYSIS**

ARTICLE 1. FIFTEENTH COURT OF APPEALS

SECTION 1.01. Amends Section 22.201, Government Code, by amending Subsection (a) and adding Subsection (p), as follows:

(a) Provides that the state is organized into 15, rather divided into than 14, courts of appeals districts with a court of appeals in each district.

(p) Provides that the Fifteenth Court of Appeals District is composed of all counties in this state.

SECTION 1.02. Amends Subchapter C, Chapter 22, Government Code, by adding Section 22.2151, as follows:

Sec. 22.2151. FIFTEENTH COURT OF APPEALS. (a) Requires the Court of Appeals for the Fifteenth Court of Appeals District to be held in the City of Austin.

(b) Requires the facilities made available to other courts of appeals under Subchapter C (Courts of Appeals), including furnishings and equipment, to be made available to the Fifteenth Court of Appeals District and the justices of that court without expense to this state.

(c) Authorizes the Fifteenth Court of Appeals to transact its business in any county in the district as the court determines is necessary and convenient.

SECTION 1.03. Amends Section 22.216, Government Code, by adding Subsection (n-1), as follows:

(n-1) Provides that the Court of Appeals for the Fifteenth Court of Appeals District consists of a chief justice and of four justices holding places numbered consecutively beginning with Place 2.

SECTION 1.04. Amends Section 22.220, Government Code, by amending Subsection (a) and adding Subsection (d), as follows:

(a) Creates an exception under Subsection (d).

(d) Provides that the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over the following matters arising out of or related to a civil case:

(1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003 (Definitions), Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than:

(A) a proceeding brought under the Family Code and any related motion or proceeding;

(B) a proceeding brought under Chapter 7B (Protective Orders) or Article 17.292 (Magistrate's Order for Emergency Protection), Code of Criminal Procedure;

(C) a proceeding brought against a district attorney, a criminal district attorney, or a county attorney with criminal jurisdiction;

(D) a proceeding relating to a mental health commitment;

(E) a proceeding relating to civil asset forfeiture;

(F) a condemnation proceeding for the acquisition of land or a proceeding related to eminent domain;

(G) a proceeding brought under Chapter 125 (Common and Public Nuisances), Civil Practice and Remedies Code, to enjoin a common nuisance;

(H) a proceeding brought under Chapter 55 (Expunction of Criminal Records), Code of Criminal Procedure;

(I) a proceeding under Chapter 22A (Special Three-Judge District Court), Government Code;

(J) a proceeding brought under Subchapter E-1 (Order of Nondisclosure of Criminal History Record Information), Chapter 411, Government Code;

(K) a proceeding brought under Chapter 21 (Employment Discrimination), Labor Code;

(L) a removal action under Chapter 87 (Removal of County Officers from Office; Filling of Vacancies), Local Government Code; or

(M) a proceeding brought under Chapter 841 (Civil Commitment of Sexually Violent Predators), Health and Safety Code;

(2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case; and

(3) any other matter as provided by law.

SECTION 1.05. Amends Section 22.221, Government Code, by amending Subsection (b) and adding Subsections (c) and (c-1), as follows:

(b) Authorizes each court of appeals for a court of appeals district to issue all writs of mandamus, subject to Subsection (c-1), agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district. Deletes existing text authorizing a court of appeals for a court of appeals district to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 (Court of Inquiry), Code of Criminal Procedure, in the court of appeals district or an associate judge of a appeals district or county court appointed by a judge under Chapter 201 (Associate Judge), Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c) Authorizes each court of appeals for a court of appeals district, other than the Court of Appeals for the Fifteenth Court of Appeals District, to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against:

(1) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(2) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c-1) Provides that the original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.06. Amends Section 22.229(a), Government Code, as follows:

(a) Provides that an appellate judicial system fund is established for each court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, for certain purposes.

SECTION 1.07. Amends Section 73.001, Government Code, as follows:

Sec. 73.001. AUTHORITY TO TRANSFER. (a) Creates an exception under Subsection (b).

(b) Prohibits the Supreme Court of Texas (supreme court) from transferring any case or proceeding properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals.

(c) Prohibits the supreme court from transferring to the Court of Appeals for the Fifteenth Court of Appeals District any case or proceeding over which the Court

of Appeals for the Fifteenth Court of Appeals District does not have exclusive intermediate appellate jurisdiction.

(d) Requires the supreme court to adopt rules for:

(1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and

(2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.08. Amends Section 659.012(a), Government Code, as follows:

(a) Provides that notwithstanding Section 659.011 (Salaries Set in Appropriations Act) and subject to Subsections (b) (relating to the salary of a judge or justice) and (b-1) (relating to the applicability or a limitation on the combined base salary from all state and county sources to a judge or justice):

(1) makes no changes to this subdivision;

(2) creates an exception under Subdivision (3);

(3) a justice of the Court of Appeals for the Fifteenth Court of Appeals District other than the chief justice is entitled to an annual base salary from the state in the amount equal to $5,000 less than 120 percent of the state base salary of a district judge as set by the General Appropriations Act;

(4)-(5) makes nonsubstantive changes to these subdivisions.

SECTION 1.09. Amends Section 2001.038(f), Government Code, as follows:

(f) Authorizes a Travis County district court in which an action is brought under Section 2001.038 (Declaratory Judgment), on its own motion or the motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than the Third, Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the validity or applicability of the rule in question and the case would ordinarily be appealed.

SECTION 1.10. Amends Section 2001.176(c), Government Code, as follows:

(c) Authorizes a Travis County district court in which an action is brought under this section, on its own motion or on motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District if the district court finds that the public interest requires a prompt authoritative determination of the legal issues in the case and the case would ordinarily be appealed.

SECTION 1.11. Amends Section 2301.751(a), Occupations Code, as follows:

(a) Authorizes a party to a proceeding affected by a final order, rule, or decision or other final action of the board of the Texas Department of Motor Vehicles with respect to a matter arising under Chapter 2301 (Sale or Lease of Motor Vehicles) or Chapter 503 (Dealer's and Manufacturer's Vehicle License Plates), Transportation Code, to seek judicial review of the action under the substantial evidence rule in:

(1) makes no changes to this subdivision; or

(2) the court of appeals for the Fifteenth, rather than Third, Court of Appeals District.

SECTION 1.12. Amends Section 39.001(e), Utilities Code, as follows:

(e) Requires that judicial review of the validity of competition rules be commenced in the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District and be limited to the Public Utility Commission of Texas' rulemaking record.

SECTION 1.13. (a) Provides that except as otherwise provided by this Act, the Court of Appeals for the Fifteenth Court of Appeals District is created September 1, 2024.

(b) Requires the initial vacancies in the offices of chief justice and justices of the Court of Appeals for the Fifteenth Court of Appeals District to be filled by appointment if the court is created.

SECTION 1.14. (a) Provides that the changes in law made by this Act apply to appeals perfected on or after September 1, 2024.

(b) Provides that on September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District.

(c) Provides that when a case is transferred as provided by Subsection (b) of this section:

(1) all processes, writs, bonds, recognizances, or other obligations issued from the other courts of appeal are returnable to the Court of Appeals for the Fifteenth Court of Appeals District as if originally issued by that court; and

(2) the obligees on all bonds and recognizances taken in and for the other courts of appeal and all witnesses summoned to appear in another court of appeals are required to appear before the Court of Appeals for the Fifteenth Court of Appeals District as if originally required to appear before the Court of Appeals for the Fifteenth Court of Appeals District.

ARTICLE 2. CONFORMING AMENDMENTS

SECTION 2.01. Amends Article 4.01, Code of Criminal Procedure, as follows:

Art. 4.01. WHAT COURTS HAVE CRIMINAL JURISDICTION. Provides that certain courts have jurisdiction in criminal actions, including courts of appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District.

SECTION 2.02. Amends Article 4.03, Code of Criminal Procedure, as follows:

Art. 4.03. COURTS OF APPEALS. Requires the Courts of Appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District, to have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. Makes a nonsubstantive change.

SECTION 2.03. Amends Article 44.25, Code of Criminal Procedure, as follows:

Art. 44.25. CASES REMANDED. Authorizes the court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, or the Court of Criminal Appeals to reverse the judgment in a criminal action, as well upon the law as upon the facts.

SECTION 2.04. Amends Section 31.001, Government Code, as follows:

Sec. 31.001. AUTHORITY FOR COUNTY PAYMENT OF COMPENSATION. Authorizes the commissioners courts in the counties of each of the 15, rather than 14, courts of appeals districts to pay additional compensation in an amount that does not

exceed the limitations of Section 659.012 (Judicial Salaries) to each of the justices of the courts of appeals residing within the court of appeals district that includes those counties.

ARTICLE 3. SPECIFIC APPROPRIATION REQUIRED; EFFECTIVE DATE

SECTION 3.01. (a) Provides that the Court of Appeals for the Fifteenth Court of Appeals District, notwithstanding Section 22.201(a), Government Code, as amended by this Act, and Sections 22.201(p) and 22.2151, Government Code, as added by this Act, is not created unless the legislature makes a specific appropriation of money for that purpose. Provides that a specific appropriation for the purposes of this subsection, is an appropriation identifying the Court of Appeals for the Fifteenth Court of Appeals District or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of the Court of Appeals for the Fifteenth Court of Appeals District.

(b) Provides that a court of appeals has the same jurisdiction the court had on August 31, 2023, notwithstanding Section 22.220(a), Government Code, as amended by this Act, if the Court of Appeals for the Fifteenth Court of Appeals District is not created as a result of Subsection (a) of this section.

SECTION 3.02. Effective date: September 1, 2023.

E

# BILL ANALYSIS

Senate Research Center
88R19486 AMF-F

C.S.S.B. 1045
By: Huffman
Jurisprudence
3/24/2023
Committee Report (Substituted)

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

Civil cases of statewide significance frequently involve the state, a state agency, or a state official (sued in connection with their official action) as a party. These cases require courts to apply highly specialized precedent in complex areas of law including sovereign immunity, administrative law, and constitutional law.

Under the current judicial system, appeals in cases of statewide significance are decided by one of Texas's 14 intermediate appellate courts. These courts have varying levels of experience with the complex legal issues involved in cases of statewide significance, resulting in inconsistent results for litigants.

S.B. 1045 addresses these problems by establishing an intermediate court of appeals with exclusive jurisdiction over cases to which the state, a state agency, or a state official is a party. The justices on this new Fifteenth Court of Appeals are elected statewide, ensuring that all Texans have a voice in the selection of judges who decide cases of statewide importance.

(Original Author's/Sponsor's Statement of Intent)

C.S.S.B. 1045 amends current law relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases, the compensation of the justices of that court, and the jurisdiction of the courts of appeals in this state.

## RULEMAKING AUTHORITY

Rulemaking authority is expressly granted to the Supreme Court of Texas in SECTION 1.07 (Section 73.001, Government Code) of this bill.

## SECTION BY SECTION ANALYSIS

### ARTICLE 1. FIFTEENTH COURT OF APPEALS

SECTION 1.01. Amends Section 22.201, Government Code, by amending Subsection (a) and adding Subsection (p), as follows:

(a) Provides that the state is organized into 15, rather than divided into 14, courts of appeals districts with a court of appeals in each district.

(p) Provides that the Fifteenth Court of Appeals District is composed of all counties in this state.

SECTION 1.02. Amends Subchapter C, Chapter 22, Government Code, by adding Section 22.2151, as follows:

Sec. 22.2151. FIFTEENTH COURT OF APPEALS. (a) Requires the Court of Appeals for the Fifteenth Court of Appeals District to be held in the City of Austin.

(b) Authorizes the Fifteenth Court of Appeals to transact its business in any county in the district as the court determines is necessary and convenient.

SECTION 1.03. Amends Section 22.216, Government Code, by adding Subsection (n-1), to provide that the Court of Appeals for the Fifteenth Court of Appeals District consists of a chief justice and of four justices holding places numbered consecutively beginning with Place 2.

SECTION 1.04. Amends Section 22.220, Government Code, by amending Subsection (a) and adding Subsection (d), as follows:

(a) Creates an exception under Subsection (d).

(d) Provides that the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over the following matters arising out of or related to a civil case:

(1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003 (Definitions), Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than:

(A) a proceeding brought under the Family Code and any related motion or proceeding;

(B) a proceeding brought under Chapter 7B (Protective Orders) or Article 17.292 (Magistrate's Order for Emergency Protection), Code of Criminal Procedure;

(C) a proceeding brought against a district attorney, a criminal district attorney, or a county attorney with criminal jurisdiction;

(D) a proceeding relating to a mental health commitment;

(E) a proceeding relating to civil asset forfeiture;

(F) a condemnation proceeding for the acquisition of land or a proceeding related to eminent domain;

(G) a proceeding brought under Chapter 125 (Common and Public Nuisances), Civil Practice and Remedies Code, to enjoin a common nuisance;

(H) a proceeding brought under Chapter 55 (Expunction of Criminal Records), Code of Criminal Procedure;

(I) a proceeding under Chapter 22A (Special Three-Judge District Court), Government Code;

(J) a proceeding brought under Subchapter E-1 (Order of Nondisclosure of Criminal History Record Information), Chapter 411, Government Code;

(K) a proceeding brought under Chapter 21 (Employment Discrimination), Labor Code;

(L) a removal action under Chapter 87 (Removal of County Officers from Office; Filling of Vacancies), Local Government Code; or

(M) a proceeding brought under Chapter 841 (Civil Commitment of Sexually Violent Predators), Health and Safety Code;

(2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case; and

(3) any other matter as provided by law.

SECTION 1.05. Amends Section 22.221, Government Code, by amending Subsection (b) and adding Subsections (c) and (c-1), as follows:

(b) Authorizes each court of appeals for a court of appeals district to issue all writs of mandamus, subject to Subsection (c-1), agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district. Deletes existing text authorizing a court of appeals for a court of appeals district to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 (Court of Inquiry), Code of Criminal Procedure, in the court of appeals district or an associate judge of a appeals district or county court appointed by a judge under Chapter 201 (Associate Judge), Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c) Authorizes each court of appeals for a court of appeals district, other than the Court of Appeals for the Fifteenth Court of Appeals District, to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against:

(1) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(2) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c-1) Provides that the original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.06. Amends Section 22.229(a), Government Code, to provide that an appellate judicial system fund is established for each court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, for certain purposes.

SECTION 1.07. Amends Section 73.001, Government Code, as follows:

Sec. 73.001. AUTHORITY TO TRANSFER. (a) Creates this subsection from existing text and creates an exception under Subsection (b).

(b) Prohibits the Supreme Court of Texas (supreme court) from transferring any case or proceeding properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals.

(c) Requires the supreme court to adopt rules for:

(1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and

(2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.08. Amends Section 659.012(a), Government Code, as follows:

(a) Provides that notwithstanding Section 659.011 (Salaries Set in Appropriations Act) and subject to Subsections (b) (relating to the salary of a judge or justice) and (b-1) (relating to the applicability or a limitation on the combined base salary from all state and county sources to a judge or justice):

> (1) makes no changes to this subdivision;

> (2) creates an exception under Subdivision (3);

> (3) a justice of the Court of Appeals for the Fifteenth Court of Appeals District other than the chief justice is entitled to an annual base salary from the state in the amount equal to $5,000 less than 120 percent of the state base salary of a district judge as set by the General Appropriations Act; and

> (4)-(5) makes nonsubstantive changes to these subdivisions.

SECTION 1.09. Amends Section 2001.038(f), Government Code, as follows:

> (f) Authorizes a Travis County district court in which an action is brought under Section 2001.038 (Declaratory Judgment), on its own motion or the motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than the Third, Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the validity or applicability of the rule in question and the case would ordinarily be appealed.

SECTION 1.10. Amends Section 2001.176(c), Government Code, as follows:

> (c) Authorizes a Travis County district court in which an action is brought under Section 2001.176 (Petition Initiating Judicial Review), on its own motion or on motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District if the district court finds that the public interest requires a prompt authoritative determination of the legal issues in the case and the case would ordinarily be appealed.

SECTION 1.11. Amends Section 2301.751(a), Occupations Code, as follows:

> (a) Authorizes a party to a proceeding affected by a final order, rule, or decision or other final action of the board of the Texas Department of Motor Vehicles with respect to a matter arising under Chapter 2301 (Sale or Lease of Motor Vehicles) or Chapter 503 (Dealer's and Manufacturer's Vehicle License Plates), Transportation Code, to seek judicial review of the action under the substantial evidence rule in:

> > (1) makes no changes to this subdivision; or

> > (2) the court of appeals for the Fifteenth, rather than Third, Court of Appeals District.

SECTION 1.12. Amends Section 39.001(e), Utilities Code, to require that judicial review of the validity of competition rules be commenced in the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District and be limited to the Public Utility Commission of Texas' rulemaking record.

SECTION 1.13. (a) Provides that except as otherwise provided by this Act, the Court of Appeals for the Fifteenth Court of Appeals District is created September 1, 2024.

> (b) Requires the initial vacancies in the offices of chief justice and justices of the Court of Appeals for the Fifteenth Court of Appeals District to be filled by appointment if the court is created.

SECTION 1.14. (a) Provides that the changes in law made by this Act apply to appeals perfected on or after September 1, 2024.

(b) Provides that on September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District.

(c) Provides that when a case is transferred as provided by Subsection (b) of this section:

(1) all processes, writs, bonds, recognizances, or other obligations issued from the other courts of appeal are returnable to the Court of Appeals for the Fifteenth Court of Appeals District as if originally issued by that court; and

(2) the obligees on all bonds and recognizances taken in and for the other courts of appeal and all witnesses summoned to appear in another court of appeals are required to appear before the Court of Appeals for the Fifteenth Court of Appeals District as if originally required to appear before the Court of Appeals for the Fifteenth Court of Appeals District.

ARTICLE 2. CONFORMING AMENDMENTS

SECTION 2.01. Amends Article 4.01, Code of Criminal Procedure, as follows:

Art. 4.01. WHAT COURTS HAVE CRIMINAL JURISDICTION. Provides that certain courts have jurisdiction in criminal actions, including courts of appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District.

SECTION 2.02. Amends Article 4.03, Code of Criminal Procedure, as follows:

Art. 4.03. COURTS OF APPEALS. Requires the Courts of Appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District, to have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. Makes a nonsubstantive change.

SECTION 2.03. Amends Article 44.25, Code of Criminal Procedure, as follows:

Art. 44.25. CASES REMANDED. Authorizes the court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, or the Court of Criminal Appeals to reverse the judgment in a criminal action, as well upon the law as upon the facts.

SECTION 2.04. Amends Section 31.001, Government Code, as follows:

Sec. 31.001. AUTHORITY FOR COUNTY PAYMENT OF COMPENSATION. Authorizes the commissioners courts in the counties of each of the 15, rather than 14, courts of appeals districts to pay additional compensation in an amount that does not exceed the limitations of Section 659.012 (Judicial Salaries) to each of the justices of the courts of appeals, other than a justice of the Court of Appeals of the Fifteenth Court of Appeals District, residing within the court of appeals district that includes those counties.

ARTICLE 3. SPECIFIC APPROPRIATION REQUIRED; EFFECTIVE DATE

SECTION 3.01. (a) Provides that the Court of Appeals for the Fifteenth Court of Appeals District, notwithstanding Section 22.201(a), Government Code, as amended by this Act, and Sections 22.201(p) and 22.2151, Government Code, as added by this Act, is not created unless the legislature makes a specific appropriation of money for that purpose. Provides that a specific appropriation, for the purposes of this subsection, is an appropriation identifying the Court of Appeals for the Fifteenth Court of Appeals District or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of the Court of Appeals for the Fifteenth Court of Appeals District.

(b) Provides that a court of appeals has the same jurisdiction the court had on August 31, 2023, notwithstanding Section 22.220(a), Government Code, as amended by this Act, if the Court of Appeals for the Fifteenth Court of Appeals District is not created as a result of Subsection (a) of this section.

SECTION 3.02. Effective date: September 1, 2023.

F

Senate Research Center

S.B. 1045
By: Huffman
Jurisprudence
6/20/2023
Enrolled

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

Civil cases of statewide significance frequently involve the state, a state agency, or a state official (sued in connection with their official action) as a party. These cases require courts to apply highly specialized precedent in complex areas of law including sovereign immunity, administrative law, and constitutional law.

Under the current judicial system, appeals in cases of statewide significance are decided by one of Texas's 14 intermediate appellate courts. These courts have varying levels of experience with the complex legal issues involved in cases of statewide significance, resulting in inconsistent results for litigants.

S.B. 1045 addresses these problems by establishing an intermediate court of appeals with exclusive jurisdiction over cases to which the state, a state agency, or a state official is a party. The justices on this new Fifteenth Court of Appeals are elected statewide, ensuring that all Texans have a voice in the selection of judges who decide cases of statewide importance.

(Original Author's/Sponsor's Statement of Intent)

S.B. 1045 amends current law relating to the creation of the Fifteenth Court of Appeals with jurisdiction over certain civil cases, the compensation of the justices of that court, and the jurisdiction of the courts of appeals in this state.

**RULEMAKING AUTHORITY**

Rulemaking authority is expressly granted to the Supreme Court of Texas in SECTION 1.08 (Section 73.001, Government Code) of this bill.

**SECTION BY SECTION ANALYSIS**

ARTICLE 1. FIFTEENTH COURT OF APPEALS

SECTION 1.01. Amends Section 22.201, Government Code, by amending Subsection (a) and adding Subsection (p), as follows:

(a) Provides that the state is organized into 15, rather than divided into 14, courts of appeals districts with a court of appeals in each district.

(p) Provides that the Fifteenth Court of Appeals District is composed of all counties in this state.

SECTION 1.02. Amends Subchapter C, Chapter 22, Government Code, by adding Section 22.2151, as follows:

Sec. 22.2151. FIFTEENTH COURT OF APPEALS. (a) Requires the Court of Appeals for the Fifteenth Court of Appeals District to be held in the City of Austin.

(b) Authorizes the Fifteenth Court of Appeals to transact its business in any county in the district as the court determines is necessary and convenient.

SECTION 1.03. Subchapter C, Chapter 22, Government Code, by adding Section 22.2152, as follows:

Sec. 22.2152. REPORT ON FIFTEENTH COURT OF APPEALS. Requires the Office of Court Administration of the Texas Judicial System to submit to the legislature a report on the number and types of cases heard by the Court of Appeals for the Fifteenth Court of Appeals District in the preceding state fiscal year, not later than December 1 of each year.

SECTION 1.04. Amends Section 22.216, Government Code, by adding Subsections (n-1) and (n-2), as follows:

(n-1) Provides that the Court of Appeals for the Fifteenth Court of Appeals District consists of a chief justice and of four justices holding places numbered consecutively beginning with Place 2.

(n-2) Provides that the Court of Appeals for the Fifteenth Court of Appeals District, notwithstanding Subsection (n-1), consists of a chief justice and of two justices holding places numbered consecutively beginning with Place 2 for the first three years following the court's creation. Provides that this subsection expires September 1, 2027.

SECTION 1.05. Amends Section 22.220, Government Code, by amending Subsection (a) and adding Subsection (d), as follows:

(a) Creates an exception under Subsection (d).

(d) Provides that the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction over the following matters arising out of or related to a civil case:

(1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003 (Definitions), Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than:

(A) a proceeding brought under the Family Code and any related motion or proceeding;

(B) a proceeding brought under Chapter 7B (Protective Orders) or Article 17.292 (Magistrate's Order for Emergency Protection), Code of Criminal Procedure;

(C) a proceeding brought against a district attorney, a criminal district attorney, or a county attorney with criminal jurisdiction;

(D) a proceeding relating to a mental health commitment;

(E) a proceeding relating to civil asset forfeiture;

(F) a condemnation proceeding for the acquisition of land or a proceeding related to eminent domain;

(G) a proceeding brought under Chapter 101 (Tort Claims), Civil Practice and Remedies Code;

(H) a claim of personal injury or wrongful death;

(I) a proceeding brought under Chapter 125 (Common and Public Nuisances), Civil Practice and Remedies Code, to enjoin a common nuisance;

(J) a proceeding brought under Chapter 55 (Expunction of Criminal Records), Code of Criminal Procedure;

(K) a proceeding under Chapter 22A (Special Three-Judge District Court), Government Code;

(L) a proceeding brought under Subchapter E-1 (Order of Nondisclosure of Criminal History Record Information), Chapter 411, Government Code;

(M) a proceeding brought under Chapter 21 (Employment Discrimination), Labor Code;

(N) a removal action under Chapter 87 (Removal of County Officers from Office; Filling of Vacancies), Local Government Code; or

(O) a proceeding brought under Chapter 841 (Civil Commitment of Sexually Violent Predators), Health and Safety Code;

(2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case; and

(3) any other matter as provided by law.

SECTION 1.06. Amends Section 22.221, Government Code, by amending Subsection (b) and adding Subsections (c) and (c-1), as follows:

(b) Authorizes each court of appeals for a court of appeals district to issue all writs of mandamus, subject to Subsection (c-1), agreeable to the principles of law regulating those writs, against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district.

Deletes existing text authorizing each court of appeals for a court of appeals district to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 (Court of Inquiry), Code of Criminal Procedure, in the court of appeals district or against an associate judge of a district or county court appointed by a judge under Chapter 201 (Associate Judge), Family Code, in the court of appeals district for the judge who appointed the associate judge. Makes nonsubstantive changes.

(c) Authorizes each court of appeals for a court of appeals district, other than the Court of Appeals for the Fifteenth Court of Appeals District, to issue all writs of mandamus, agreeable to the principles of law regulating those writs, against:

(1) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(2) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

(c-1) Provides that the original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.07. Amends Section 22.229(a), Government Code, to provide that an appellate judicial system fund is established for each court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, for certain purposes.

SECTION 1.08. Amends Section 73.001, Government Code, as follows:

Sec. 73.001. AUTHORITY TO TRANSFER. (a) Creates this subsection from existing text and creates an exception under Subsection (b).

(b) Prohibits the Supreme Court of Texas (supreme court) from transferring any case or proceeding properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals.

(c) Requires the supreme court to adopt rules for:

(1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and

(2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under Section 22.220(d).

SECTION 1.09. Amends Section 659.012(a), Government Code, as follows:

(a) Provides that notwithstanding Section 659.011 (Salaries Set in Appropriations Act) and subject to Subsections (b) (relating to the salary of a judge or justice) and (b-1) (relating to the applicability or a limitation on the combined base salary from all state and county sources to a judge or justice):

(1) makes no changes to this subdivision;

(2) creates an exception under Subdivision (3);

(3) a justice of the Court of Appeals for the Fifteenth Court of Appeals District other than the chief justice is entitled to an annual base salary from the state in the amount equal to $5,000 less than 120 percent of the state base salary of a district judge as set by the General Appropriations Act; and

(4)-(5) makes nonsubstantive changes to these subdivisions.

SECTION 1.10. Amends Section 2001.038(f), Government Code, as follows:

(f) Authorizes a Travis County district court in which an action is brought under Section 2001.038 (Declaratory Judgment), on its own motion or the motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than the Third, Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the validity or applicability of the rule in question and the case would ordinarily be appealed.

SECTION 1.11. Amends Section 2001.176(c), Government Code, as follows:

(c) Authorizes a Travis County district court in which an action is brought under Section 2001.176 (Petition Initiating Judicial Review), on its own motion or on motion of any party, to request transfer of the action to the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the legal issues in the case and the case would ordinarily be appealed.

SECTION 1.12. Amends Section 2301.751(a), Occupations Code, as follows:

(a) Authorizes a party to a proceeding affected by a final order, rule, or decision or other final action of the board of the Texas Department of Motor Vehicles with respect to a matter arising under Chapter 2301 (Sale or Lease of Motor Vehicles) or Chapter 503 (Dealer's and Manufacturer's Vehicle License Plates), Transportation Code, to seek judicial review of the action under the substantial evidence rule in:

(1) makes no changes to this subdivision; or

(2) the court of appeals for the Fifteenth, rather than Third, Court of Appeals District.

SECTION 1.13. Amends Section 39.001(e), Utilities Code, to require that judicial review of the validity of competition rules be commenced in the Court of Appeals for the Fifteenth, rather than Third, Court of Appeals District and be limited to the Public Utility Commission of Texas' rulemaking record.

SECTION 1.14. (a) Provides that except as otherwise provided by this Act, the Court of Appeals for the Fifteenth Court of Appeals District is created September 1, 2024.

(b) Requires the initial vacancies in the offices of chief justice and justices of the Court of Appeals for the Fifteenth Court of Appeals District to be filled by appointment if the court is created.

SECTION 1.15. (a) Provides that the changes in law made by this Act apply to appeals perfected on or after September 1, 2024.

(b) Provides that on September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District.

(c) Provides that when a case is transferred as provided by Subsection (b) of this section:

(1) all processes, writs, bonds, recognizances, or other obligations issued from the other courts of appeal are returnable to the Court of Appeals for the Fifteenth Court of Appeals District as if originally issued by that court; and

(2) the obligees on all bonds and recognizances taken in and for the other courts of appeal and all witnesses summoned to appear in another court of appeals are required to appear before the Court of Appeals for the Fifteenth Court of Appeals District as if originally required to appear before the Court of Appeals for the Fifteenth Court of Appeals District.

ARTICLE 2. CONFORMING AMENDMENTS

SECTION 2.01. Amends Article 4.01, Code of Criminal Procedure, as follows:

Art. 4.01. WHAT COURTS HAVE CRIMINAL JURISDICTION. Provides that certain courts have jurisdiction in criminal actions, including courts of appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District.

SECTION 2.02. Amends Article 4.03, Code of Criminal Procedure, as follows:

Art. 4.03. COURTS OF APPEALS. Requires the Courts of Appeals, other than the Court of Appeals for the Fifteenth Court of Appeals District, to have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. Makes a nonsubstantive change.

SECTION 2.03. Amends Article 44.25, Code of Criminal Procedure, as follows:

Art. 44.25. CASES REMANDED. Authorizes the court of appeals, other than the Court of Appeals of the Fifteenth Court of Appeals District, or the Court of Criminal Appeals to reverse the judgment in a criminal action, as well upon the law as upon the facts.

SECTION 2.04. Amends Section 31.001, Government Code, as follows:

Sec. 31.001. AUTHORITY FOR COUNTY PAYMENT OF COMPENSATION. Authorizes the commissioners courts in the counties of each of the 15, rather than 14, courts of appeals districts to pay additional compensation in an amount that does not exceed the limitations of Section 659.012 (Judicial Salaries) to each of the justices of the courts of appeals, other than a justice of the Court of Appeals of the Fifteenth Court of Appeals District, residing within the court of appeals district that includes those counties.

ARTICLE 3. SPECIFIC APPROPRIATION REQUIRED; CONSTITUTIONAL CHALLENGE; EFFECTIVE DATE

SECTION 3.01. (a) Provides that the Court of Appeals for the Fifteenth Court of Appeals District, notwithstanding Section 22.201(a), Government Code, as amended by this Act, and Sections 22.201(p) and 22.2151, Government Code, as added by this Act, is not created unless the legislature makes a specific appropriation of money for that purpose. Provides that a specific appropriation, for the purposes of this subsection, is an appropriation identifying the Court of Appeals for the Fifteenth Court of Appeals District or an Act of the 88th Legislature, Regular Session, 2023, relating to the creation of the Court of Appeals for the Fifteenth Court of Appeals District.

(b) Provides that a court of appeals has the same jurisdiction the court had on August 31, 2023, notwithstanding Section 22.220(a), Government Code, as amended by this Act, if the Court of Appeals for the Fifteenth Court of Appeals District is not created as a result of Subsection (a) of this section.

SECTION 3.02. Provides that the supreme court has exclusive and original jurisdiction over a challenge to the constitutionality of this Act or any part of this Act and is authorized to issue injunctive or declaratory relief in connection with the challenge.

SECTION 3.03. Effective date: September 1, 2023.

G

HOUSE
RESEARCH
ORGANIZATION bill digest                    5/15/2023

SB 1045 (2nd reading)
Huffman (Murr) et al.
(CSSB 1045 by Murr)

SUBJECT:        Creating the Fifteenth Court of Appeals District

COMMITTEE:      Judiciary & Civil Jurisprudence — committee substitute recommended

VOTE:           5 ayes — Leach, Murr, Schofield, Slawson, Vasut

                4 nays — Julie Johnson, Davis, Flores, Moody

SENATE VOTE:    On final passage, (March 30) — 25 - 6

WITNESSES:      None

BACKGROUND:     Some have suggested that creating a Fifteenth Court of Appeals with
                statewide jurisdiction of civil cases brought by or against a state agency,
                state employee, or officer would allow judges to apply specialized
                experience in subjects including sovereign immunity, administrative law,
                and constitutional law and could help ensure consistency of decisions on
                such legal issues across the state.

DIGEST:         CSSB 1045 would create the Fifteenth Court of Appeals District
                composed of all counties in the state. The court would be held in the City
                of Austin and could transact its business in any county in the district that
                the court deemed necessary and convenient. The court would consist of a
                chief justice and four justices holding places numbered consecutively,
                beginning with Place 2.

                The court would have exclusive intermediate appellate jurisdiction over:

                • certain matters brought by or against the state or other designated
                  state agency, including a university system or institution of higher
                  education, or brought by or against an officer or employee of the
                  state or other designated state agency, including a university
                  system or institution of higher education arising out of the
                  employee or officer's conduct;
                • matters in which a party filed a petition, motion, or other pleading
                  challenging the constitutionality or validity of a state statute or rule

> and the attorney general was a party to the case; and
- any other matter as provided by law.

CSSB 1045 would revise provisions related to issuing writs of mandamus and limit the Fifteenth Court of Appeals' ability to issue writs to only those matters over which the court had exclusive intermediate appellate jurisdiction.

The supreme court would be prohibited from transferring any a case or a proceeding that had been properly filed with the Fifteenth Court of Appeals to another court of appeals for the purpose of equalizing dockets. The supreme court further would be required to adopt rules related to the transfer of an appeal inappropriately filed with the Fifteenth Court of Appeals, and the process for transfer to the Fifteenth Court of Appeals of appeals filed in other courts that would be the exclusive intermediate appellate jurisdiction of the Fifteenth Court of Appeals.

The bill would make conforming changes to establish and limit the court's exclusive intermediate appellate jurisdiction to matters brought by or against the state or brought by or against a state officer or employee as set forth in the bill.

Authority for judicial review of proceedings related to a final order, rule, decision, or other final action of the board of the Texas Department of Motor Vehicles would be transferred from the Third Court of Appeals District to the Fifteenth Court of Appeals District. Judicial review of rules of competition developed by the Public Utility Commission of Texas also would be transferred from the Third Court of Appeals District to the Fifteenth Court of Appeals District.

The Fifteenth Court of Appeals could not be created unless the Legislature made a specific appropriation for that purpose. If the appropriation was made, the new court would be created on September 1, 2024. Initial vacancies in the offices of the chief justice and justices of the court would be filled by appointment.

A justice of the Fifteenth Court of Appeals other than the chief justice would be entitled to an annual base salary from the state in an amount equal to $5,000 less than 120 percent of the state base salary of a district judge as set by the General Appropriations Act.

If created, cases pending in other courts of appeal that were filed on or after September 1, 2023, that would be the exclusive intermediate appellate jurisdiction of the Fifteenth Court of Appeals would be transferred to the new court on September 1, 2024. For cases transferred:

- all processes, writs, bonds, recognizances, or other obligations issued from the other courts of appeal would be returnable to the Fifteenth Court of Appeals as if originally issued by the court; and
- the obligees on all bonds and recognizances taken in and for the other courts of appeal and all witnesses summoned to the other courts would be summoned to the Fifteenth Court of Appeals as if originally required to appear before the new court.

The Texas Supreme Court would have exclusive and original jurisdiction over a challenge to the constitutionality of the bill or any part of the bill and could issue injunctive or declaratory relief in connection to a challenge.

The bill would take effect September 1, 2023.

NOTES:     According to the Legislative Budget Board, CSSB 1045 would have a negative impact of about $5.9 million on general revenue funds through the biennium ending August 31, 2025.



**Legislative Session**: 88(R)

**Senate Bill 1045**                                                    **Senate Author:**  Huffman et al.
**Effective:**  9-1-23                                                  **House Sponsor:**  Murr et al.

Senate Bill 1045 amends the Code of Criminal Procedure, Government Code, Occupations Code, and Utilities Code to create the Fifteenth Court of Appeals District, composed of all counties in Texas, and the Fifteenth Court of Appeals on September 1, 2024. The bill establishes that the court has exclusive intermediate appellate jurisdiction over the following matters arising out of or related to a civil case:

· matters brought by or against the state or an agency in the executive branch of the state government or by or against an officer or employee of the state or an agency in the executive branch of the state government arising out of that officer's or employee's official conduct, other than in specified proceedings and actions;

· matters in which a party to the proceeding files a pleading challenging the constitutionality or validity of a state law or rule and the attorney general is a party to the case; and

· any other matter as provided by law.

The bill establishes that the court is held in the City of Austin but may transact its business in any county in Texas as the court determines is necessary and convenient. If the court is created, the initial vacancies of the justices must be filled by appointment. The bill provides for the salary of the justices of the court.

Senate Bill 1045 provides for the transfer of cases pending in other courts of appeal of which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction to the Fifteenth Court of Appeals. The bill prohibits the Texas Supreme Court from transferring any case or proceeding properly filed in the Fifteenth Court of Appeals to another court of appeals for the purpose of equalizing the dockets of the courts of appeals. The bill changes from the Third Court of Appeals to the Fifteenth Court of Appeals the court to which a Travis County district court may request transfer of an action for specified purposes and the venue in which certain judicial reviews of a final order, rule, decision, or other action must be commenced. The bill requires the Office of Court Administration of the Texas Judicial System to submit an annual report to the legislature on the number and types of cases heard by the court in the preceding state fiscal year.



December 14, 2024
Volume XIV, Number
349

# THE NATIONAL LAW REVIEW

Login

PUBLISH / ADVERTISE    ABOUT THE NLR    QUICK LINKS    NLR NEWSLETTERS

TRENDING LAW NEWS    CAREER CENTER

**46**  **TRENDING NEWS**

Timelines for Retirement in Founder-Owned Law Firms [Podcast] | Landmark UK Report Details Effectiveness of Whis

NEW ARTICLES

*Advertisement*



Tap Into The Power Of Asset-Based Lending.






# Introducing Texas's Fifteenth Court of Appeals

by: Dale Wainwright, Joshua Bernstein of Greenberg Traurig, LLP  -  *Alerts*
Posted On Friday, July 5, 2024



**RELATED PRACTICES & JURISDICTIONS**

Election Law
Legislative News

Litigation Trial
Practice

Texas



**Dale Wainwright**

**Email**
512-320-7226

**Bio and Articles**

**Joshua Bernstein**

**Email**
214-665-3747

**Bio and Articles**

Find Your Next Job

**Go-To Guide:**

- Legislature makes structural changes to Texas Judiciary

- Newly created Fifteenth Court has exclusive jurisdiction over certain cases

- Fifteenth Court and related Business Trial Courts open for business on Sept. 1, 2024

Texas's new Fifteenth Court of Appeals will begin operating Sept. 1, 2024. Since the Fifteenth Court has state-wide exclusive intermediate appellate jurisdiction over certain issues and structurally changes the state appellate court system, parties litigating in Texas should familiarize themselves with this court's unique features.

**Jurisdiction**

Unlike the jurisdiction of all other Texas courts of appeals, the Fifteenth Court of Appeals is authorized to hear cases adjudicated across the state. Each of the preexisting 14 courts of appeals has appellate jurisdiction over the civil cases within its "district". Tex. Gov't Code 22.220(A). The districts for the preexisting 14 courts of appeals comprise designated counties that elect the justices to the specific appellate court.[1] However, the Fifteenth Court's judicial district "is composed of all counties in this state." Tex. Gov't Code

## CURRENT PUBLIC NOTICES

Post Your Public Notice Today!

**PUBLIC NOTICE OF DISPOSITION OF COLLATERAL: NUEVO GATEWAY, LLC and PTA DEVELOPMENT LLC**

*Published: 9 December, 2024*

**PUBLIC NOTICE OF DISPOSITION OF COLLATERAL: E-Lux Bikes LLC**

*Published: 9 December, 2024*

**PUBLIC NOTICE OF UCC SALE: Gaming Society**

*Published: 6 December, 2024*

**PUBLIC NOTICE OF UCC ARTICLE 9 SALE: TrueNorth Projects, LLC**

*Published: 21 November, 2024*

**PUBLIC NOTICE OF UCC SALE: Sheridan & Wilson, LLC**

*Published: 29 October, 2024*

**PUBLIC NOTICE OF UCC SALE: Prime Finance Short Duration Holding Company VII, LLC**

*Published: 18 September, 2024*

**NOTIFICATION OF CONTINUED ARTICLE 9 DISPOSITION OF NEWPORT EXCHANGE HOLDINGS, ETC**

*Published: 17 September, 2024*

25A.003(a).

The Fifteenth Court has exclusive intermediate appellate jurisdiction over the following categories of matters arising out of a civil case:

| | |
|---|---|
| 1. | appeal from an order or judgment of a new Texas business trial court; |
| 2. | challenge to the constitutionality or validity of a state statute or rule; and |
| 3. | appeal by or against the state, state subdivisions, or state employees in their official capacity, except for certain types of litigation, such as personal injury and eminent domain. |

See Tex. Gov't Code § 22.220(d)(1) for the detailed list of matters excluded from the Fifteenth Court's jurisdiction. The Fifteenth Court has authority to hear original proceedings concerning matters within its defined jurisdiction but lacks jurisdiction over criminal proceedings.

Beginning Sept. 1, 2024, all matters in the three categories listed above must be appealed to the Fifteenth Court. Since every category of the Fifteenth Court's jurisdiction is exclusive, all pending Texas civil appeals in categories 2 and 3 are to be transferred to the Fifteenth Court on Sept. 1, 2024.[2] The other courts of appeals are requesting that parties indicate whether they fit within that exclusive jurisdiction at the initiation of appeals.

The business trial courts are also scheduled to begin handling cases Sept. 1, 2024. They have jurisdiction over certain business disputes with more than $10 million (or $5 million in special circumstances) in controversy. Therefore, the Fifteenth Court will not have a full caseload until enough time has passed for business-court cases to ripen into appeals.

**Justices**

Gov. Abbott appointed the initial three justices: Chief Justice Scott A. Brister, Justice Scott K. Field, and Justice April L. Farris. All three justices are experienced and well regarded, having previously served as justices on Texas courts of appeals. Chief Justice Brister also served on the Texas Supreme Court. In 2027, the court will expand to five justices to be chosen in statewide elections, like the justices of the Texas Supreme Court.

**Challenges and Benefits**

Proponents of the Fifteenth Court, and the business trial courts that will feed into it, cite at least two broad benefits of these new courts. First, they are intended to specialize in complex business litigation and will likely have more time to devote to each case. This could provide some of the benefits of commercial arbitration without the costs, and some of the benefits of Delaware courts without having to litigate out of state. This could benefit the development of Texas business jurisprudence, and the parties, because by rule for the first time, state trial courts, i.e., the business courts, will be required to author opinions

**Trusts & Estates Attorney / Estate Planning Lawyer**
On Balance Search Consultants

**Trusts & Estates Partner / Senior Attorney**
On Balance Search Consultants

**Matrimonial Attorney**
On Balance Search Consultants

**Litigation Legal Support Specialist**
Greenberg Traurig

**Litigation Paralegal**
Greenberg Traurig

**Chief Operating Officer / Business Manager**
On Balance Search Consultants

**Family/Matrimonial Law Attorney**
On Balance Search Consultants

**Commercial Real Estate Transactional Attorney / Real Estate Lawyer**
On Balance Search Consultants

**Legal Expert in Commercial & Real Estate Litigation / Property Dispute Speciali…**
On Balance Search Consultants

**Litigation Attorney / Real**

**PUBLIC NOTICE OF ASSIGNEE SALE: Confidential Company operates 24 branded family restaurants**

*Published: 10 September, 2024*

Discover More Public Notices

**CURRENT LEGAL ANALYSIS**

**Texas Passes Law Expanding Mortgage Borrower Protections**
*by: A.J. S. Dhaliwal , Mehul N. Madia*

**CFPB Release Final Rule on Overdraft Fees**
*by: A.J. S. Dhaliwal , Mehul N. Madia*

**CFPB Issues Risk-Based Supervision Order Over Major Tech Company**
*by: A.J. S. Dhaliwal , Mehul N. Madia*

**CFPB Bans Debt Collection Agency Over Student Loan Abuses**
*by: A.J. S. Dhaliwal , Mehul N. Madia*

**CFPB Seeks Input to Address Coerced Debt and Financial Abuse Under FCRA**
*by: A.J. S. Dhaliwal , Mehul N. Madia*

**Estate and
Commercial
Litigator**
On Balance
Search
Consultants

Explore More Job
Openings

Advertisement



when deciding issues important to the jurisprudence of the state and also in connection with a dispositive ruling upon request of a party. Second, an intermediate appellate court with statewide accountability will soon handle appeals involving the Texas state government and statewide elected officials.

However, there are important unresolved issues about how the business courts and Fifteenth Court will operate, so some parties may not want to be the pioneers that hash out these issues.

Most fundamentally, the Texas Supreme Court has requested expedited briefing on the merits in an appeal asserting that the Fifteenth Court is unconstitutional in *In re Dallas County, Texas and Marian Brown*. The briefing is currently scheduled to be completed Aug. 2, 2024, a month before the new courts will begin handling cases. The high court will likely expedite resolution of the appeal; however, there may be other constitutional challenges in the future, such that uncertainty may linger into 2025 or beyond.



[1] The exceptions include (1) legislated docket equalization through which the Texas Supreme Court periodically transfers appeals from the appellate courts with heavier dockets to those with capacity to handle more appeals, and (2) statutes that identify specific appellate courts to decide certain issues.

[2] The limited exception to the exclusive nature of the Fifteenth Court's jurisdiction over certain appeals is in instances where the Texas Supreme Court has concurrent or exclusive jurisdiction. Tex. Gov't Code § 25A.007(a).

©2024 Greenberg Traurig, LLP. All rights reserved.

**MORE FROM GREENBERG
TRAURIG, LLP**

**2025 Mexico Minimum Wage
Changes**
*by: Leslie Palma , Jorge Andazola*

**Latin America Environmental
Updates: September and October
2024**
*by: Erick Hernández Gallego , Luis Jorge Akle
Arronte*

**GT Newsletter | Competition
Currents | December 2024**
*by: Gregory J. Casas , Tonya M. Esposito*

**GeTtin' SALTy Episode 42 | A
Conversation about the Lone Star
State [Podcast]**
*by: Nikki E. Dobay*

**UPDATE: FinCEN Appeals Texas
Court Injunction Blocking CTA
Enforcement Nationwide 4 Weeks
Before Key Reporting Deadline**
*by: Kyle R. Freeny , Marina Olman-Pal*

Advertisement

*Advertisement*

## Around the Web

**HERE'S THE AVERAGE PRICE OF GUTTER PROTECTION IN THE US**

LeafFilter partner

**WHAT CAUSES TARDIVE DYSKINESIA - YOU WILL BE SHOCKED!**

Tardive Dyskinesia

**SHE IS MARRIED TO THE MOST HANDSOME MAN ON EARTH**

healthtrition

**CAITLIN CLARK STEPS OUT WITH HER NEW PARTNER AND STUNS FANS**

Health Trition

**TAYLOR, 34, DRIVES PROBABLY THE MOST EXPENSIVE CAR IN THE WORLD**

Health Trition

**THE CONJOINED TWINS ARE LONGER TOGETHER**

True Edition

## UPCOMING EVENTS





DEC
**17**
2024
**Fiduciary Litigation Update 2023-2024**



DEC
**18**
2024
**Employment Challenges In Hospitality**

## McDermott Will & Emery

**McDermott IP Focus | US Patent Law Under The New Trump Administration**
DEC
**19**
2024

## GT GreenbergTraurig

**Maintaining Privilege**

**Maintaining Privilege In Data Breach Investigations: Best Practices And War Stories From Multimillion-Dollar Breaches**

DEC
**19**
2024

THE
NATIONAL LAW REVIEW

| | | |
|---|---|---|
| Artificial Intelligence | Election & Legislative | Insurance |
| Antitrust Law | Environmental & Energy | Intellectual Property Law |
| Bankruptcy & Restructuring | Family, Estates & Trusts | Labor & Employment |
| Biotech, Food, & Drug | Financial, Securities & Banking | Litigation |
| Business of Law | Global | Public Services, Infrastructure, Transportation |
| Construction & Real Estate | Health Care Law | Tax |
| Cybersecurity Media & FCC | Immigration | White Collar Crime & Consumer Rights |

## LEGAL DISCLAIMER

You are responsible for reading, understanding, and agreeing to the National Law Review's (NLR's) and the National Law Forum LLC's  Terms of Use and Privacy Policy before using the National Law Review website. The National Law Review is a free-to-use, no-log-in database of legal and business articles. The content and links on www.NatLawReview.com are intended for general information purposes only. Any legal analysis, legislative updates, or other content and links should not be construed as legal or professional advice or a substitute for such advice. No attorney-client or confidential relationship is formed by the transmission of information between you and the National Law Review website or any of the law firms, attorneys, or other professionals or organizations who include content on the National Law Review website. If you require legal or professional advice, kindly contact an attorney or other suitable professional advisor.

Some states have laws and ethical rules regarding solicitation and advertisement practices by attorneys and/or other professionals. The National Law Review is not a law firm nor is www.NatLawReview.com  intended to be a referral service for attorneys and/or other professionals. The NLR does not wish, nor does it intend, to solicit the business of anyone or to refer anyone to an attorney or other professional.  NLR does not answer legal questions nor will we refer you to an attorney or other professional if you request such information from us.

Under certain state laws, the following statements may be required on this website and we have included them in order to be in full compliance with these rules. The choice of a lawyer or other professional is an important decision and should not be based solely upon advertisements. Attorney Advertising Notice: Prior results do not guarantee a similar outcome. Statement in compliance with Texas Rules of Professional Conduct. Unless otherwise noted, attorneys are not certified by the Texas Board of Legal Specialization, nor can NLR attest to the accuracy of any notation of Legal Specialization or other Professional Credentials.

The National Law Review - National Law Forum LLC 2070 Green Bay Rd., Suite 178, Highland Park, IL 60035  Telephone  (708) 357-3317 or toll-free (877) 357-3317.  If you would like to contact us via email please click here.

TERMS OF USE    |    PRIVACY POLICY

Copyright ©2024 National Law Forum, LLC

"We use cookies and other data collection technologies to provide the best experience for our customers. You may request that your data not be shared with third parties here: "Do Not Sell My Data

Do Not Sell or Share My Personal Information





**July 05, 2024**   |   **GT ALERT**

# Introducing Texas's Fifteenth Court of Appeals

| Related Professionals | Dale Wainwright  |  Justin Bernstein |
| --- | --- |
| Capabilities | Appeals & Legal Issues  |  Litigation |
| Offices | Austin |

<table>
<tr><td colspan="2" align="center">**Go-To Guide:**</td></tr>
<tr><td>•</td><td>Legislature makes structural changes to Texas Judiciary</td></tr>
<tr><td>•</td><td>Newly created Fifteenth Court has exclusive jurisdiction over certain cases</td></tr>
<tr><td>•</td><td>Fifteenth Court and related Business Trial Courts open for business on Sept. 1, 2024</td></tr>
</table>

Texas's new Fifteenth Court of Appeals will begin operating Sept. 1, 2024. Since the Fifteenth Court has state-wide exclusive intermediate appellate jurisdiction over certain issues and structurally changes the state appellate court system, parties litigating in Texas should familiarize themselves with this court's unique features.

# Jurisdiction

Unlike the jurisdiction of all other Texas courts of appeals, the Fifteenth Court of Appeals is authorized to hear cases adjudicated across the state. Each of the

preexisting 14 courts of appeals has appellate jurisdiction over the civil cases within its "district". Tex. Gov't Code 22.220(A). The districts for the preexisting 14 courts of appeals comprise designated counties that elect the justices to the specific appellate court.[1] However, the Fifteenth Court's judicial district "is composed of all counties in this state." Tex. Gov't Code 25A.003(a).

The Fifteenth Court has exclusive intermediate appellate jurisdiction over the following categories of matters arising out of a civil case:

- appeal from an order or judgment of a new Texas business trial court;
- challenge to the constitutionality or validity of a state statute or rule; and
- appeal by or against the state, state subdivisions, or state employees in their official capacity, except for certain types of litigation, such as personal injury and eminent domain.

See Tex. Gov't Code § 22.220(d)(1) for the detailed list of matters excluded from the Fifteenth Court's jurisdiction. The Fifteenth Court has authority to hear original proceedings concerning matters within its defined jurisdiction but lacks jurisdiction over criminal proceedings.

Beginning Sept. 1, 2024, all matters in the three categories listed above must be appealed to the Fifteenth Court. Since every category of the Fifteenth Court's jurisdiction is exclusive, all pending Texas civil appeals in categories 2 and 3 are to be transferred to the Fifteenth Court on Sept. 1, 2024.[2] The other courts of appeals are requesting that parties indicate whether they fit within that exclusive jurisdiction at the initiation of appeals.

The business trial courts are also scheduled to begin handling cases Sept. 1, 2024. They have jurisdiction over certain business disputes with more than $10 million

(or $5 million in special circumstances) in controversy. Therefore, the Fifteenth Court will not have a full caseload until enough time has passed for business-court cases to ripen into appeals.

# Justices

Gov. Abbott appointed the initial three justices: Chief Justice Scott A. Brister, Justice Scott K. Field, and Justice April L. Farris. All three justices are experienced and well regarded, having previously served as justices on Texas courts of appeals. Chief Justice Brister also served on the Texas Supreme Court. In 2027, the court will expand to five justices to be chosen in statewide elections, like the justices of the Texas Supreme Court.

# Challenges and Benefits

Proponents of the Fifteenth Court, and the business trial courts that will feed into it, cite at least two broad benefits of these new courts. First, they are intended to specialize in complex business litigation and will likely have more time to devote to each case. This could provide some of the benefits of commercial arbitration without the costs, and some of the benefits of Delaware courts without having to litigate out of state. This could benefit the development of Texas business jurisprudence, and the parties, because by rule for the first time, state trial courts, i.e., the business courts, will be required to author opinions when deciding issues important to the jurisprudence of the state and also in connection with a dispositive ruling upon request of a party. Second, an intermediate appellate court with statewide accountability will soon handle appeals involving the Texas state government and statewide elected officials.

However, there are important unresolved issues about how the business courts and Fifteenth Court will operate, so some parties may not want to be the pioneers that hash out these issues.

Most fundamentally, the Texas Supreme Court has requested expedited briefing on the merits in an appeal asserting that the Fifteenth Court is unconstitutional in *In re Dallas County, Texas and Marian Brown*. The briefing is currently scheduled to be completed Aug. 2, 2024, a month before the new courts will begin handling cases. The high court will likely expedite resolution of the appeal; however, there may be other constitutional challenges in the future, such that uncertainty may linger into 2025 or beyond.

---

[1] The exceptions include (1) legislated docket equalization through which the Texas Supreme Court periodically transfers appeals from the appellate courts with heavier dockets to those with capacity to handle more appeals, and (2) statutes that identify specific appellate courts to decide certain issues.

[2] The limited exception to the exclusive nature of the Fifteenth Court's jurisdiction over certain appeals is in instances where the Texas Supreme Court has concurrent or exclusive jurisdiction. Tex. Gov't Code § 25A.007(a).

K



Texas Creates Two New Courts: State Supreme Court Upholds Legislature's Right to Create Statewide Court of Appeals

# What You Need to Know

### Key takeaway #1

A new, specialized business court seeks to bring expertise in commercial litigation to the courtroom, which will likely lead to efficiencies.

### Key takeaway #2

Barriers of entry to the business court, such as the amount-in-controversy requirement and high filing fees, will likely keep the volume of the court's docket in check.

### Key takeaway #3

Moving challenges to the State to a statewide elected bench and away from the Third Judicial Division (Austin) will likely have far-reaching impacts on the Texas State Legislature's ability to defend hot-topic legislation.

**Client Alert** │ 4 min read │ 08.30.24

The Texas Supreme Court recently released its decision in *In re Dallas County*, affirming the constitutionality of the newly-created Fifteenth Court of Appeals. The Fifteenth will be a statewide court of appeals with jurisdiction over Texas's new business court for disputes valued over $10 million and appeals where the State or a State agency or university is a named party.

## What is Texas's New Business Court?

In June 2023, the Texas state legislature's enactment of House Bill 19 created a new business court with 11 divisions, joining nearly 30 other states that have established specialized business courts.  Five divisions will begin operations on September 1, 2024.

The Texas business court is a court of limited jurisdiction that is intended to specialize in complex litigation disputes, and matters involving the State, especially challenges to legislation.  The business court can hear original or transferred matters where either (a) a publicly-traded company is a party, or (b) the amount in controversy exceeds $5 million/$10 million, depending on the type of dispute.  The business court's jurisdiction over eligible disputes is not exclusive; it will hold concurrent jurisdiction alongside district courts and parties may choose to file in or remove to it.  Because the district court is a court of general jurisdiction and the business court is one of limited jurisdiction, the relationship works somewhat like that between state and federal courts.  Jurisdiction in business court must be proven or the case will be dismissed or remanded, as appropriate.

Many Texas practitioners welcome a new court that will specialize in commercial litigation.  This specialization, however, comes at a cost—literally.  Actions originally filed in the business court incur a $2,637 filing fee; transferred actions incur a $2,500 fee.  Parties will also incur other fees such as for filing motions and actions performed by the clerk.  For comparison, the district court's civil filing fees range from around $200 to $400, depending on the number of plaintiffs.

Five business court divisions open on September 1, 2024: The First, Third, Fourth, Eighth, and Eleventh.  Governor Abbott has appointed two judges to each of the five soon-to-be operational divisions.

- First Division (Dallas): **Andrea Bouressa**(judge of the 471st Judicial District Court; former Local Administrative District Judge for Collin County) and **William "Bill" Whitehill** (member at Condon Tobin Sladek Thornton Nerenberg PLLC; former justice of the Texas Fifth Court of Appeals);

- Third Division (Austin): **Melissa Andrews**(partner at Holland & Knight) and **Patrick Sweeten** (Principal Deputy General Counsel for the Office of the Governor);

- Fourth Division (San Antonio): **Marialyn Barnard**(judge of the 73rd Judicial District Court) and **Stacy Sharp** (owner of Sharp Appellate PLLC and adjunct professor at The University of Texas at Austin);

- Eighth Division (Fort Worth): **Jerry Bullard**(shareholder at Adams, Lynch & Loftin, P.C.) and **Brian Stagner** (of counsel/former partner at Kelly Hart & Hallman LLP and adjunct professor at Texas Christian University); and

- Eleventh Division (Houston): **Sofia Adrogué**(partner at Diamond McCarthy) and **Grant Dorfman** (Visiting Judge; former judge of the 129th and 334th Judicial Districts).

The remaining six divisions will be abolished unless reauthorized by the Texas legislature during the 2025 legislative session and funded through legislative appropriations.  The business court clerk currently resides in Austin, and the court has not yet launched an e-filing system.

## Will this Change Impact My Business?

Whether your business is impacted by the development of these new courts depends on whether your business engages in high-stakes litigation and/or is a publicly-traded entity.  The large amount-in-controversy serves as a barrier for most disputes and is designed to allow the court to specialize.  Further, because the business court has concurrent jurisdiction with the district courts, not all eligible disputes will be heard in the business court.

## Why is Creation of the Fifteenth Court of Appeals Significant?

The Court's decision in *In re Dallas County* held that the legislature had the authority to create a statewide court of appeals, the Fifteenth Court of Appeals.  The Fifteenth has jurisdiction over civil appeals brought by or against the State (including a State university system) and business court disputes valued at more than $10 million.  Creation of the Fifteenth has been largely criticized as a political maneuver; until its creation, actions against the State were heard in the Third Court of Appeals in Austin, where the Texas state capitol sits.  The political makeup of that judicial division has changed dramatically in the last decade, leading to speculation about how challenges to political hot-button issues would be decided.  The first three justices[1] appointed by Governor Abbott are Republican, fueling criticism from Democrats that the move was to get lawsuits against the State out of Austin's hands. Republicans retort that matters of statewide import should be decided by justices elected in statewide elections, rather than being localized to a single geographical region.

Texas elects its judges and justices in partisan elections.  Governor Abbott made

appointments to the business court and Fifteenth Court of Appeals only because these are new courts.  Each seat will be subsequently subject to election or re-election, with the Fifteenth's justices up for reelection in 2026.  In the instance of the Fifteenth, the election will be statewide.  Texas has two statewide courts of last resort: the Texas Supreme Court and Texas Court of Criminal Appeals.  Both hold statewide elections and all 18 justices combined ran as Republicans.  This indicates that the Fifteenth is all but guaranteed to remain a panel of three Republicans when the current justices' initial term expires in 2026.

**Do you have a matter** you are considering filing in or transferring to Texas' new business court?  Crowell has experienced commercial litigators here to help.

---

[1] Texas calls its court of appeals judges "justices."

## Contacts

### Meshach Y. Rhoades
Partner
She/Her/Hers

Denver      D | +1.303.524.8617
mrhoades@crowell.com

### Amber Rose Gonzales
Associate
Denver      D | +1.303.524.8662
agonzales@crowell.com





Pro Bono   **News & Perspectives**   Offic

People   Services

August 28, 2024

# Open for Business: Texas Launches New Business Court and Court of Appeals

*Advisory*

By [Andrew D. Bergman](), [Ryan Hartman]()

Last year, the Texas State Legislature created a new trial court — the Texas Business Court — and a new intermediate appellate court — the Fifteenth Court of Appeals. Both will begin operating on September 1, 2024, and are intended to create a statewide, specialized court system to adjudicate complex business disputes.[1] Additionally, the Fifteenth Court will provide an exclusive, statewide track for appeals in many cases by or against the state, or involving challenges to the constitutionality or validity of state laws. Companies are weighing how these new courts impact litigation strategy, forum selection clauses for major contracts and transactions, and corporate governance decisions.

## The Business Court

**Jurisdiction.** The Business Court is a specialized trial court created to hear complex business cases. Its judges have the same powers as their district court counterparts,[2] and its jurisdiction is concurrent with the district courts but extends only to certain types of cases:

1. **Actions greater than $5 million or involving publicly traded companies.** The Court has jurisdiction over the following if either the amount in controversy is greater than $5 million *or* a party to the case is a publicly traded company:

   - Derivative proceedings

   - Actions involving a business' governance, governing documents, or internal affairs

   - Certain actions brought under state or federal securities or "trade regulation" law

   - Certain actions by a business or its owners against its

 

## Key Contacts



**Andrew D. Bergman**
Senior Associate
Houston
Email
+1 713.576.2430



**Ryan Hartman**
Partner
Houston; Washington, D.C.
Email
+1 713.576.2438

## Related Services

Commercia_____on

Corporate & Finance

Corporate Governance

Energy and Energy
Transition

management or other insiders

- Certain veil-piercing and similar actions

- Actions arising out of the Texas Business Organizations Code[3]

2. **Actions greater than $10 million.** The Court has jurisdiction over the following if the amount in controversy is greater than $10 million:

- Actions arising from transactions of at least $10 million, other than certain loans by financial institutions

- Certain actions for which the parties agreed to jurisdiction in the Business Court

- Certain actions involving violations of the Texas Finance Code or Texas Business and Commerce Code[4]

3. **Injunctive and declaratory relief.** The Court can hear actions seeking injunctive or declaratory relief involving a dispute that is otherwise within its jurisdiction.[5]

4. **Supplemental jurisdiction.** The Court has supplemental jurisdiction over claims that are part of the same case or controversy as one or more claims within its original jurisdiction, but only where all parties and the presiding judge agree for the Court to hear those supplemental claims.[6]

The Business Court's jurisdiction expressly excludes certain matters unless they fall within its supplemental jurisdiction, such as claims (1) under the Family, Estates, or Insurance Codes or the Deceptive Trade Practices Act; (2) related to obligations under an insurance policy; or (3) regarding certain non-compete agreements. The Court has no jurisdiction to hear health care liability claims, legal malpractice suits, or claims for damages over bodily injury or death.[7]

**Removal.** The Business Court's jurisdiction is concurrent with that of other Texas courts, meaning a claim within its jurisdiction could be filed in the Business Court or in a district court. However, cases that are not filed in the Business Court, but that are within its jurisdiction, may be removed to the Business Court (1) by any party within 30 days of when it discovers, or reasonably should have discovered, facts establishing the Business Court's jurisdiction,[8] (2) by agreement of the parties,[9] or (3) at the request of the originating court.[10]

**Organization.** The Court is organized into 11 divisions located within each of Texas' Administrative Judicial Regions; however, only five divisions (based in Dallas, Austin, San Antonio, Fort Worth, and Houston) will become operational on September 1, 2024, with the remaining divisions to open in 2025.[11]

## The Fifteenth Court of Appeals

**Background.** The Fifteenth Court is a specialized intermediate appellate court with statewide jurisdiction over specific types of civil appeals. It differs from Texas' other 14 intermediate appellate courts, which have jurisdiction over appeals within limited geographic regions but which hear appeals of all types, both civil and criminal.

**Jurisdiction.** Beginning September 1, 2024, the Fifteenth Court will have exclusive intermediate appellate jurisdiction of:

1. **Business Court appeals.** Appeals from the Texas Business Court.[12]

2. **Cases by or against the state.** With certain limitations, cases brought by or against the state (including state agencies, boards, commissions, and universities) or an officer or employee of the state, arising out of a state officer or employee's official conduct.[13]

3. **Challenges to state law.** Cases in which a party asserts a challenge to the constitutionality or validity of state law and the Texas Attorney General is a party.[14]

The Fifteenth Court will also have exclusive jurisdiction over original proceedings (e.g., mandamus) arising out of matters over which it has exclusive appellate jurisdiction.[15]

**Transfer of Existing Appeals.** In addition to hearing new appeals filed within its exclusive jurisdiction, all such appeals that were filed in another court on or after September 1, 2023 will be transferred to the Fifteenth Court on September 1, 2024.[16] Approximately 80-90 currently pending appeals will be impacted by the transfer.[17]

*       *       *

These new courts will significantly impact the fora and decisionmakers available in complex business and other high-stakes disputes and give rise to new strategic considerations for parties that may become involved in those cases. Companies

are already considering whether to incorporate the Business Court into forum selection clauses for major contracts and transactions, and weighing the Business Court's potential impact on corporate governance and securities matters. For questions, please contact the authors or your regular Arnold and Porter advisor.

© Arnold & Porter Kaye Scholer LLP 2024 All Rights Reserved. This Advisory is intended to be a general summary of the law and does not constitute legal advice. You should consult with counsel to determine applicable legal requirements in a specific fact situation.

See Acts 2023, 88th Leg., R.S., H.B. 19, Ch. 380, Sec. 1 et seq., eff. Sept. 1, 2023; Acts, 2023, 88th Leg. R.S., S.B. 1045, Ch. 459, Sec. 1.01 et seq., eff. Sept. 1, 2023.

Tex. Gov. Code § 25A.005.

Tex. Gov. Code § 25A.004(b); id. § 25A.004(c).

Id. § 25A.004(d).

Id. § 25A.004(e).

Id. § 25A.004(f).

Id. § 25A.004(g)-(h).

Id. § 25A.006(g).

Id. § 25A.006(f).

Id. § 25A.006(k).

See Texas Judicial Branch, "About the Texas Business Court."

Id. § 22.220(d)(3); id. § 25A.007(a).

Tex. Gov. Code § 22.220(d)(1).

Id. § 22.220(d)(2).

Id. § 22.221(c-1); id. 25A.007(a).

Acts, 2023, 88th Leg. R.S., S.B. 1045, Ch. 459, Sec. 1.15, eff. Sept. 1, 2023.

Tex. Supreme Court, Misc. Dkt. No. 24-9055, "Transfer of Cases to the Fifteenth Court of Appeals" (Aug. 26, 2024).

## Share this with others: in f ✉

*Find more content tagged:*

**Commercial Litigation**

**Corporate & Finance**

**Corporate Governance**

**Energy and Energy Transition**

M

**GIBSON DUNN**

# Court Unanimously Upholds
# Of Fifteenth Court Of Appeals

...e constitutionality of the new Fifteenth Court of Appeals, which has exclusive, statewide jurisdiction over appeals involving the State and from

*...tradition, we cannot conclude that the legislature exceeded its authority in enacting S.B. 1045 and creating the Fifteenth Court."*

...ed the Fifteenth Court of Appeals—a new intermediate appellate court with exclusive, statewide jurisdiction over appeals (1) involving the State, and (2) from

...ealth and Human Services Commission over the agency's alleged failure to transfer inmates adjudicated incompetent to stand trial to state hospitals. The ...hird Court of Appeals. Seeking to block the transfer of the State's appeal to the Fifteenth Court, Dallas County filed a writ of injunction in the Texas Supreme ...violated several provisions of the Texas Constitution.

...ng S.B. 1045 and creating an intermediate appellate court with exclusive, statewide jurisdiction over appeals involving the State and from the Business

...s with exclusive, statewide jurisdiction was entirely consistent with the Texas Constitution's text and history.

...ter and Justices Scott Field and April Farris—will open for business as planned in September.
...rought by or against the State. Under Texas Rule of Appellate Procedure 27a, all such appeals filed after September 1, 2023 will be automatically

...er appeals from the newly created Business Court, which will begin hearing cases September 1.

n Adams, **Elizabeth A. Kiernan, Stephen Hammer, Jessica Lee, Zachary Carstens, and Jaime Barrios** submitted an *amicus brief* on behalf of the
s in Interest: *In re Dallas County*

---

ny questions you may have regarding developments at the Texas Supreme Court. Please feel free to contact the following practice group leaders:

Allyson N. Ho
+1 214.698.3233
aho@gibsondunn.com

Julian W. Poon
+1 213.229.7758
jpoon@gibsondunn.com

Collin Cox
+1 346.718.6604
ccox@gibsondunn.com

Gregg Costa
+1 346.718.6649
gcosta@gibsondunn.com

Russ Falconer
+1 346.718.3170
rfalconer@gibsondunn.com

*n, Stephen Hammer, Jessica Lee, Zachary Carstens, and Jaime Barrios.*

r contact and other information, please visit us at www.gibsondunn.com.

ral informational purposes only based on information available at the time of publication and are not intended as, do not constitute, and should not be relied
r circumstances. Gibson Dunn (and its affiliates, attorneys, and employees) shall not have any liability in connection with any use of these materials.  The
t relationship with the recipient and should not be relied upon as an alternative for advice from qualified counsel.  Please note that facts and circumstances
e.





# CLIENT ALERT

## TEXAS' NEW BUSINESS COURTS AND COURT OF APPEALS

*By Mark C. Walker and Adrian Acosta*

On June 2, 2023, the Texas 88th Legislature concluded its session and passed two laws that significantly affect the adjudication of select cases. House Bill 19 (HB 19) amended the Texas Government Code and created a statewide business court system that will have jurisdiction over business and commercial cases with at least $5,000,000 at stake. The second is Senate Bill 1045, which creates a new court of appeals to hear appeals from those business courts. The Texas Fiscal Note on HB 19 states that "the bill would create the business court as a statutory court under Section 1, Article V, of the Texas Constitution." 2023 Texas House Bill No. 19, Texas Eighty-Eighth Legislature.

**Effective dates:** The new bills will not take effect until September 1, 2023. The newly created courts will not accept cases until September 1, 2024, and the law will only apply to cases filed on or after that date.

**Proponents said:** During the debates on the bill, a corporate attorney testified that the creation of the business courts will help provide consistent and timely rulings. The bill's proponents argued that since these business courts will be reserved for complex cases and run by judges with business law expertise, the matters will not languish in the court system for years. For example, some cases have been held up in courts for up to six years. Proponents further stated that the specialized nature of the courts would encourage quicker settlement. The proponents added that while there are specialized courts for family law, juveniles, and probate, there is no such specialized court for business litigation. They further argued that creating a 15th intermediate court of appeals with statewide jurisdiction would allow judges to apply specialized precedent throughout the state rather than having regional precedent. However, it should be noted that only one witness testified in favor of the bill during the debates.

**Opponents said:** The bill's opponents stated that a business court would create two systems of justice and that no empirical studies demonstrated the need for judicial reforms in the State of Texas. Moreover, the 15th Court of Appeals would be contrary to allowing Texans to appeal their cases directly to locally elected judges. Additionally, there are concerns about whether the business court is constitutional since the judges would be appointed rather than elected. For example, an attorney out of Amarillo did not mince words when she wrote her opposition to the bill: "The appointment of judges violates our constitution. There is no need for this bill. Our state has plenty of big business without this bill. There is no money to pay for this bill. It provides preferences to businesses over individuals. I am totally against this bill."

Below is a summary of the bill, along with some possible challenges it will face once it is enacted.

**I. Jurisdiction of the new business trial courts.**

There will now be a statewide business court with concurrent jurisdiction with district courts involving both foreign and domestic business organizations, whether for-profit or not-for-profit. The jurisdiction depends on the amount of controversy in the case, exclusive of interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs. The new business courts have jurisdiction in the following categories of cases:

A. **Cases exceeding $5 million.** Business governance disputes in which the amount in controversy exceeds $5 million and involve:
   1. a derivative proceeding;
   2. an action regarding the governance or internal affairs of the organization;
   3. an action in which a claim under a state or federal securities or trade regulation law is asserted against an organization, a governing or controlling person or officer of an organization, or an underwriter of securities issued by the organization or its auditor;
   4. an action by an organization or an owner or member thereof if the action is brought against an owner, managerial official, or controlling person and alleges an act or omission by that person in the person's official capacity;
   5. an action alleging that an owner, managerial official, or controlling person breached a duty, including a duty of care, loyalty, or good faith;
   6. an action seeking to hold an owner, member, or governing person liable for an obligation of the organization other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; and
   7. an action arising out of the Business Organizations Code.
B. **Cases exceeding $10 million.** Commercial disputes in which the amount in controversy exceeds $10 million and involve:
   1. an action arising out of a "qualified transaction" (as defined in the bill);
   2. an action that arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed to that the business court has jurisdiction over the action, except an action arising out of an insurance contract; and
   3. an action that arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization, other than a bank, credit union, or savings and loan association.
C. **Extraordinary and ancillary relief.** Actions seeking injunctive or declaratory relief so long as it involves a dispute falling within the scope of the jurisdictional grant for the business court; and
D. **Supplemental jurisdiction.** Any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy. A claim within the business court's supplemental jurisdiction may only proceed upon agreement of all





parties and the judge.

**E. Publicly traded companies.** If a party is a publicly traded company, and the case meets the criteria for either $5 million or $10 million, the business courts will have concurrent jurisdiction in the matter. Texas business courts will also have supplemental jurisdiction when there is a claim that arises out of related facts, much like how federal courts have supplemental jurisdiction for non-federal question claims.

## II. Actions outside business courts' jurisdiction.

**A. No original jurisdiction.** Unless a claim falls within the business court's supplemental jurisdiction, business courts do not have original jurisdiction over the following types of claims:

(1) Civil actions:

(A) brought by or against a governmental entity; or

(B) to foreclose on a lien on real or personal property;

(2) Claims arising out of:

(A) Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code [pertaining to covenants not to compete, antitrust, and deceptive trade practices];

(B) the Texas Estates Code;

(C) the Texas Family Code;

(D) the Texas Insurance Code; or

(E) Chapter 53, Title 9, Texas Property Code [pertaining to mechanic's, contractor's, or materialman's liens, and to trusts];

(3) Claims arising out of the production or sale of a farm product, as that term is defined by Section 9.102, Business & Commerce Code;

(4) Claims related to a consumer transaction, as that term is defined by Section 601.001, Business & Commerce Code, to which a consumer in this state is a party, arising out of a violation of federal or state law; or

(5) Claims related to the duties and obligations under an insurance policy.

**B. No jurisdiction of any kind.** Additionally, business courts will not have jurisdiction over medical malpractice, personal injury, or legal malpractice.

**Jury trials.** Although Texas Business Courts will be statewide, jury trials will be held in the county where the case could have originally been brought. If a contract between the parties to a business court case contains a venue provision, a jury trial of that case will be held in the county agreed on in the contract. The parties to a business court case can also agree to have a trial held in any county of their choosing. Cases in the business courts can be tried to a jury when required by the Texas Constitution.

## III. Cases filed in or transferred to the business court.

Cases can be initiated in business courts either by original filings or removal from another civil court. Assuming the jurisdictional requirements listed above are met, a party may file a new lawsuit with a business court by establishing that venue is appropriate in one of the counties served by the division of the business court.

However, cases can also be removed from a district court to a business court. If the removal is agreed between the parties, the case can be removed at any time during the pendency of the case. If the removal is not agreed, notice of removal must be filed:

(1) not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action; or

(2) if an application for temporary injunction is pending on the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action, not later than the 30th day after the date the application is granted, denied, or denied as a matter of law." If a case is filed in a court of proper venue sitting in a county not served by a business court division, the case may not be removed to any business court.

If a case is filed with a business court, but the business court lacks jurisdiction over the case, the court may transfer the case to an appropriate district court or county court at law, or dismiss the case without prejudice to refiling.

If a case is removed to a business court, but the court lacks jurisdiction, the court must remand the case back to the court it was removed from.

## IV. Locations of new business trial courts.

There will be 11 business court divisions, divided geographically and consistent with the existing administrative judicial regions. Five of those divisions, serving mostly urban centers, will be created effective September 1, 2024, while the creation of the other six divisions, which would serve more rural parts of the state, are deferred to the 2025 Texas Legislature for approval and funding. The first five divisions to be created encompass Dallas County and six surrounding counties (1st Division), Travis County and 27 surrounding counties (3rd Division), Bexar County and 22 surrounding counties (4th Division), Tarrant County and 18 surrounding counties (8th Division), and Harris County and five surrounding counties (11th Division).



## V. Appeals to the new 15th Court of Appeals.

The new court of appeals will be based in Austin and created effective September 1, 2024. The court will have five justices appointed first, and then elected in statewide partisan elections.

The new court of appeals will have exclusive jurisdiction over appeals from an order or judgment of the business court or an original proceeding related to an action or order of the business court.

The Fifteenth Court of Appeals will also have exclusive intermediate appellate jurisdiction over the following matters that arise out of or are related to a civil case within the business court's jurisdiction:

(1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003, Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct [with certain exceptions]

(2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule, and the attorney general is a party to the case.

The Fifteenth Court of Appeals will not be subject to any docket equalization transfers to or from other courts of appeals.

Appeals from the Fifteenth Court of Appeals would go to the Texas Supreme Court.

## VI. Qualification and selection of business trial judges appointed to two-year terms.

Judges for the business court divisions will be appointed by the Governor, subject to the advice and consent of the Texas Senate. There will be 16 judges who will serve for two years beginning on September 1 of every even-numbered year (beginning on September 1, 2024) and may be reappointed without a limit on the number of reappointments.

Two judges will be assigned to the First (Dallas), Third (Austin), Fourth (San Antonio), Eighth (Fort Worth), and Eleventh (Houston) Divisions. The other six divisions will have only one judge each.

Each judge must meet the following qualifications: (1) at least 35 years old; (2) United States citizen; (3) resident of a county within the division of the business court to which the judge is appointed for at least five years prior to appointment; (4) licensed Texas attorney with 10 or more years of experience in complex business litigation, practicing business transactional law, serving as a judge of a court in Texas with civil jurisdiction; and (5) must not have had their law license revoked, suspended, or subject to a probated suspension.

## VII. Challenges to the new business courts and court of appeals.

It is highly likely that the new courts will face stiff constitutional challenges. While the bills were being reviewed, the plaintiff and defense bars united to oppose the creation of the new courts. The Texas Association of Defense Counsel, the Texas Chapters of ABOTA, and the Texas Trial Lawyers Association sent rare joint letters to committee leaders in the House and Senate, outlining the opposition to the legislation.

Opponents of the new courts point out that not only does the system create special courts for special people, but it is also likely that appointment of trial and appellate judges violates the Texas Constitution. And the limited jurisdiction of the Fifteenth Court of Appeals may violate the Texas Constitution, which requires that the court of appeals must have "appellate jurisdiction co-extensive with the limits of their respective districts." Tex. Const. Art. V Sec. 6.  There are also concerns that the courts may violate the right to a jury trial.

## VIII.  Conclusion: All business entities in Texas must become familiar with the new business courts.

Whether the new business courts survive challenges remains to be seen. For now, though, all business entities in Texas need to become familiar with the new court system.

For assistance in navigating the new system, please reach out to the authors.

### ABOUT THE AUTHORS



**Mark C. Walker** is a Member in Dickinson Wright's El Paso office. He can be reached at 915.541.9322 or mwalker@dickinsonwright.com.



**Adrian Acosta** is an Associate in Dickinson Wright's Columbus office. He can be reached at 915.541.9326 or aacosta@dickinsonwright.com.







20 September 2024 | Reed Smith In-depth

# Texas business courts are up and running: Key points to consider

Subscribe ↗

## Key takeaways

- Texas has established its business courts and formally appointed judges in major cities and the Fifteenth Court of Appeals to exclusively review business-related cases.

- The Texas Supreme Court has implemented specific rules for the business courts, which streamline legal proceedings for business disputes.

- Businesses should assess practical considerations of the businesses courts, including whether to include forum selection clauses in contracts to designate business courts for disputes.

Authors: **Clark A. Donat, Efrain Vera**

There have been several updates since we first reported on the establishment of the Texas business courts and the Fifteenth Court of Appeals. In June 2024, Governor Greg Abbott appointed judges to the Austin, Dallas, Fort Worth, Houston, and San Antonio business court divisions. In the same month, the Texas Supreme Court approved the final set of rules for the business courts. Now, the first set of business court cases have been filed (on September 3), with a total of eight proceedings initiated or transferred to business courts.

## Appointed judges

Throughout June, Governor Abbott appointed the following judges to the various business court divisions:

- Dallas (First Business Court Division) – Andrea Bouressa (Judge of the 471st Judicial District Court) and William "Bill" Whitehill (member at Condon Tobin Sladek Thornton Nerenberg PLLC and former Justice on the Texas Fifth Court of Appeals in Dallas).

- Austin (Third Business Court Division) – Melissa Andrews (Partner at Holland & Knight) and Patrick Sweeten (Principal Deputy General Counsel for the Office of the Governor).

- San Antonio (Fourth Business Court Division) – Marialyn Barnard (Judge of the 73rd Judicial District Court) and Stacy Sharp (Attorney and owner of Sharp Appellate PLLC).

- Fort Worth (Eighth Business Court Division) – Jerry Bullard (shareholder at Adams, Lynch & Loftin, P.C.) and Brian Stagner (Counsel and former Partner at Kelly Hart & Hallman LLP).

- Houston (Eleventh Business Court Division) – Sofia Adrogué (Partner at Diamond McCarthy) and Grant Dorfman (Visiting Judge and former Deputy First Assistant Attorney General for the Office of the Texas Attorney General).

Governor Abbott also appointed the following justices to the Fifteenth Court of Appeals:

- Fifteenth Court of Appeals – Scott A. Brister (Senior Partner at Hunton Andrews Kurth LLP), Scott K. Field (Judge of the 480th Judicial District Court in Williamson County), and April L. Farris (Justice on the First Court of Appeals).

The Fifteenth Court of Appeals was created to have exclusive jurisdiction to review judgments from Texas' business courts, as well as appeals involving disputes brought by or against the state and its officers and challenges to the constitutionality of a state statute. In August 2024, the Texas Supreme Court unanimously upheld the constitutionality of the Fifteenth Court of Appeals when it rejected Dallas County's challenge to the validity of the court. *See In re Dall. Cty., 67 Tex. Sup. Ct. J. 1535 (2024).*

In particular, Dallas County and Dallas County Sheriff Marian Brown initiated the action over a dispute regarding the custody of criminal defendants and argued that the Fifteenth Court was unconstitutional because (1) its "geographic range unconstitutionally cover[ed] the entire state," (2) its "jurisdictional scope [was] unconstitutional for various reasons," and (3) the "new justices [would] be unconstitutionally installed because they would not be elected until November 2026 despite having been appointed in

September 2024." The Texas Supreme Court ultimately held that the Fifteenth Court of Appeals is a "constitutional court of appeals," and that the jurisdictional scope and appointment of new court justices complies with the Texas Constitution.

## Practical considerations

Several other states have established business courts as a way to make the state a preferred forum for complex business disputes. Texas, with the establishment of the business courts, continues to strengthen its reputation as a business-friendly environment. In fact, the HB 19 Committee Report states that the purpose of HB 19 is to "giv[e] businesses confidence in Texas' legal system and encourage[e] them to incorporate and headquarter in Texas."

Therefore, businesses that are headquartered, or are considering headquartering, in Texas should keep the following practical considerations in mind as it relates to the business courts:

## Business court rules

The Texas Rules of Civil Procedure and Evidence will continue to apply in the business courts but the Texas Supreme Court also promulgated rules that are specifically applicable to the business courts. Notable business court rules include:

- Tex. R. Civ. P. 354. Rule 354 requires that a party specifically plead facts to establish the "business court's authority to hear the action." Even then, however, the business court, on its own or a party's motion, may determine that it does not have authority to hear the action and transfer or dismiss the matter.

- Tex. R. Civ. P. 355. Rule 355 states, in part, that a party to an action originally filed in a district or county court may remove the action to the business court by filing a notice of removal.

- Tex. Gov. Code 25A.015. Unlike other state business courts, such as the Delaware Court of Chancery, Code 25A.015 states that a party in the business court has the right to a trial by jury.

## Access to the business court

In initiating an action, businesses should first consider whether the business dispute would benefit from a streamlined and specialized court with expertise in commercial litigation. If so, businesses should next determine whether the dispute meets any one of following criteria to bring an action in the business court:

(1) If the amount in controversy exceeds $5 million, and it is

- a derivative proceeding;

- an action regarding the governance, governing documents, or internal affairs of an organization;

- an action in which a claim under a state or federal securities or trade regulation law is asserted against: (A) an organization; (B) a controlling person or managerial official of an organization for an act or omission by the organization or by the person in the person's capacity as a controlling person or managerial official; (C) an underwriter of securities issued by the organization; or (D) the auditor of an organization;

- an action by an organization, or an owner of an organization, if the action: (A) is brought against an owner, controlling person, or managerial official of the organization; and (B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;

- an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

- an action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract signed by the person to be held liable in a capacity other than as an owner or governing person; or

- an action arising out of the Business Organizations Code.

(2) If the action involves a publicly traded company and one of the above-listed claims, regardless of the amount in controversy.

(3) If the amount in controversy exceeds $10 million, and

- the action arises out of a qualified transaction (which generally refers to transactions whose value is at least $10 million, and includes loans);

- the action arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction over

the action, except an action that arises out of an insurance contract; or

- the action arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association.

(4) If the action involves any of the above-listed claims and the business seeks injunctive and/or declaratory relief.

## Updates to forum selection clauses

Businesses should also consider whether there is a benefit to including a forum selection clause listing the business courts in their agreements.

Sample forum selection language:

> "Any dispute, claim, controversy, or legal proceeding arising out of or relating to [this Agreement] in any way (Dispute) shall be exclusively brought before a business court in the [First, Third, Fourth, Eighth, Eleventh] Business Court Division of the State of Texas (the Business Court), if the Dispute meets the jurisdictional requirements of such Business Court; and, if the Dispute does not meet the jurisdictional requirements of such Business Court, or the Business Court is not then accepting new case filings, then the Dispute shall be exclusively brought [insert preferred choice of venue, e.g., arbitration]. The parties also hereby consent to supplemental jurisdiction by the Business Court over any claims that are part of the same case or controversy as that which meets the primary jurisdictional requirements of such Business Court."

As noted in the sample language, the forum selection clause alone cannot confer subject matter jurisdiction; the controversy still needs to meet eligibility criteria.

*In-depth 2024-202*

**RELATED INFORMATION:**

**ENERGY & NATURAL RESOURCES** | **CAPABILITIES**   |   **FINANCIAL SERVICES** | **CAPABILITIES**   |   **PERSPECTIVES**

© 2024 Reed Smith LLP. All rights reserved.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

P

E: INFO@CRAINCATON.COM (MAILTO:INFO@CRAINCATON.COM)

P: 713.658.2323 (TEL:713.658.2323)

**f** (HTTPS://WWW.FACEBOOK.COM/CRAINCATON?FREF=TS)

**𝕏** (HTTPS://TWITTER.COM/CRAINCATO REF_SRC=TWSRC%5EGOOGLE%7C

ATTORNEYS (HTTPS://WWW.CRAINCATON.COM/ATTORNEYS/)

SERVICES (HTTPS://WWW.CRAINCATON.COM/SERVICES/)

NEWS & INSIGHTS (HTTPS://WWW.CRAINCATON.COM/NEWS-INSIGHTS/)

ABOUT US (HTTPS://WWW.CRAINCATON.COM/ABOUT-US/)

CAREERS (HTTPS://WWW.CRAINCATON.COM/CAREERS/)

CONTACT (HTTPS://WWW.CRAINCATON.COM/CONTACT-US/)

# New Texas Appellate Court for Cases with State Agencies

(https://craincaton.com/attorneys/smith-james-e/)

A recently enacted statute created the "Court of Appeals for the Fifteenth Court of Appeals District." This new court will be an intermediate appellate court with limited jurisdiction and a district that includes the entire state. All other intermediate courts of appeal have more general jurisdiction and a specific geographic district within the state.

As an intermediate appellate court, appeals from the 15th Court will go to the Supreme Court of Texas.

**Appeals from Cases involving State Agencies**
The 15th Court's limited jurisdiction includes "exclusive intermediate appellate jurisdiction" over civil cases "brought by or against the state or a board, commission, department, office, or other agency in the executive branch of state government…" This jurisdiction will include appeals of cases involving the state administrative agencies whose actions affect environmental matters such as the Texas Commission on Environmental Quality (TCEQ), the Railroad Commission of Texas, and the Texas General Land Office. (The 15th Court will also hear appeals from the "Business Courts" created by a separate statute.)

**Transfer of Pending Appeals filed on or after September 1, 2023**
The law creates the 15th Court as of September 1, 2024, although its exclusive jurisdiction could apply to cases appealed as early as September 1, 2023. A provision states: "On September 1, 2024, all cases pending in other courts of appeal that were filed on or after September 1, 2023, and of which the Court of Appeals for the Fifteenth Court of Appeals District has exclusive intermediate appellate jurisdiction are transferred to the Court of Appeals for the Fifteenth Court of Appeals District."

**Which Court Will Hear Appeals of Environmental Enforcement Cases Brought by Local Governments?**
In many environmental enforcement cases, local governments such as cities and counties can bring civil cases, but TCEQ is a "necessary and indispensable party." It is not clear to me if appeals from those cases will go to the 15th Court or to a court of appeal whose geographic district includes the trial court where the case was filed. If anyone is aware of a controlling provision on this issue, I welcome enlightenment.

**Houston office (https://www.craincaton.com/contact-us/)**

(Primary location)
Five Houston Center | 17th Floor
1401 McKinney, Suite 1700
Houston, Texas 77010 (https://www.craincaton.com/contact-us/) (Map)
(http://maps.google.com/maps?q=Crain Caton & James 1401 McKinney St Suite 1700 Houston, TX 77010)
Phone: 713.658.2323 (tel:7136582323)
Email: info@craincaton.com (mailto:info@craincaton.com)

**The Woodlands office (https://www.craincaton.com/contact-us/)**

1095 Evergreen Circle, Suite 200
The Woodlands, Texas 77380 (https://www.craincaton.com/contact-us/) (Map)
(http://maps.google.com/maps?q=The Woodlands Office Suites 1095 Evergreen Cir #200 The Woodlands, TX 77380)
Phone: 713.752.8686 (tel:7137528686)



**MORE FROM HOMEPAGE**

Dallas city manager search grows tense as factions set two meetings on same day

'Very disappointing': Anticipated Tom Thumb in Red Bird are cancels plans to open a store

ADVERTISEMENT

THIS IS MEMBER-EXCLUSIVE CONTENT ⓘ

OPINION

# Proposed 'business court' isn't worth the constitutional risk

Adding a new extra-constitutional body of law will bring complexity, not certainty.

By David Coale

Apr. 22, 2023 | Updated 12:01 p.m. CDT | 🕐 3 min. read



Texas' proposed business court is constitutionally fragile, writes contributor David Coale. (Getty Images)

    

The Texas Legislature is considering a proposal for a "business court" system with jurisdiction over significant commercial disputes in Texas. The system would include a new intermediate court of appeals — believe it or not, the 15th Court of Appeals, as Texas already has 14 of them — that would operate in between trial courts and the Texas Supreme Court in large business cases.

The proposed new court of appeals raises a significant question under the state constitution. Even if a business court system is implemented and constitutional challenges to it are ultimately rejected, the mere existence of those questions — and the resulting uncertainty about the validity of rulings by the new court — undermines its stated goal of creating certainty in business law.

ADVERTISEMENT

Article V of the Texas Constitution, as amended in 1891 after its initial adoption in 1876, says that the state "shall be divided into courts of appeals districts." Each court of appeals "shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction."

In other words, the constitution calls for the division of Texas into geographic areas, each with a court of appeals that covers the trial courts in that area, with jurisdiction over all appeals from those trial courts.



## Opinion

Get smart opinions on the topics North Texans care about.

Enter your email address

SIGN UP

Or with:   GOOGLE   FACEBOOK

By signing up you agree to our Terms of Service and Privacy Policy

The proposed 15th Court of Appeals is inconsistent with that command in two ways. First, it encompasses the entire state. A court of appeals with jurisdiction over the entire state is, by definition, not one that results from a division of the state. Second, it has jurisdiction over only one type of disputes: business cases. But consistent with the state constitution's language, the 14 courts of appeal that we have today hear everything. The constitution creates a "generalist" system where all the legal issues of a geographic area are processed through one set of appellate judges.

That structure is no accident. Our Reconstruction-era constitution reflects the politics of that time by placing significant limits on the power of central government. The Legislature only sits every other year, for example. A statewide court of appeals, focused on a single topic, is a poor fit with the vision of a limited central government.

ADVERTISEMENT





**Capital One's innovation hub marks 10 years of industry-changing ideas**

BY CAPITAL ONE   •   SPONSORED

In a time when the U.S. Supreme Court has focused strongly on "originalism" in its constitutional opinions, such as its recent gun-control cases that focused exclusively on history, these historical observations have particular force.

ADVERTISEMENT

Proponents of the court note that Article V also says that the Legislature "may establish such other courts as it may deem necessary." Broadly read, this provision allows the creation of a court with no structural restraints. But read in context with the constitution's other provisions about courts of appeal, a good counter-argument says that the power of a court of appeals may only be exercised by a properly constituted court. Under that reading, a legislative shift of that power to a statewide court, focused on one issue, is an improper allocation of judicial power.

The point is certainly debatable. If a business court system is enacted and challenged under the state constitution, the courts could conclude that the Legislature has the power to create such a court under its general power to "establish ... other courts." But the stakes in that constitutional litigation will be high. If the courts rule the other way, adopting the contrary view suggested by the state constitution's structure and history, then every ruling by the then-unconstitutional business court could fairly be challenged as void. If such a challenge comes years or decades after the creation of the business court, we could be in for a chaotic season of litigation.

The stated goal of the proposed business court system is to create more certainty for the Texas business community. It is hard to see how the creation of a body of law, that may ultimately be invalid, advances that goal — particularly when the Texas economy is already booming and the Texas Supreme Court has a strong national reputation as a sophisticated court for commercial matters.

ADVERTISEMENT

*David Coale is a Dallas lawyer. He wrote this column for The Dallas Morning News.*

**We welcome your thoughts in a letter to the editor. See the guidelines and submit your letter here.**

   

By David Coale

**TOP PICKS**



**Meth: The Prison Pipeline**
A Dallas Morning News investigation into stiff penalties for meth offenders in North Texas.



**Latest Invesco QQQ ETF fund performance**

Explore the latest Invesco QQQ ETF fund performance and what our strategist expects next quarter. Invesco Distributors,…

AD   **Invesco QQQ**                                              **LEARN MORE**

R

# 4 Things Cos. Must Know About Texas' New Business Courts

By **Nicholas Bruno and Madison Moore** (July 21, 2023)

H.B. 19, which Texas Gov. Greg Abbott signed on June 9, is poised to create a statewide business court system — specialty trial courts created to handle Texas' increasingly large business dispute docket.[1]

These business courts will not completely displace our current district court system. Instead, the two will have concurrent jurisdiction — meaning that a case could be tried in either one, subject to certain requirements.

These new courts will present a new set of challenges and nuances, so it is important that companies and their legal teams understand those complexities before their cases are filed.

And while much about exactly how these courts will operate is still unknown, we have identified four things companies must know about the upcoming changes.



Nicholas Bruno



Madison Moore

**1. Business courts will hear governance and commercial disputes that meet certain jurisdictional requirements.**

Texas' business courts will hear two broad types of cases: governance disputes and commercial disputes.[2] But certain requirements must be met before the business court will be able to exercise its jurisdiction in either category.

Governance disputes are defined in Section 25A.004(b) of the statute. For a governance dispute to qualify, it must either have more than $5 million in controversy or involve a publicly traded company.[3] Additionally, the statute dictates that the case must fall within one of seven specified categories:

(1) A derivative proceeding;

(2) An action regarding the governance, governing documents, or internal affairs of an organization;

(3) An action in which a claim under a state or federal securities or trade regulation law is asserted against certain persons;

(4) An action by an organization, or an owner of an organization, if the action is brought against certain persons or makes certain allegations;

(5) An action alleging that an owner, controlling person or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith;

(6) An action seeking to hold an owner or governing person of an organization liable for an obligation of the organization, other than on account of a written contract

signed by the person to be held liable in a capacity other than as an owner or governing person; and

(7) An action arising out of the Business Organizations Code.[4]

Commercial disputes are disputes that are defined in Section 25A.004(d) of the statute. A broader range of cases will fit into the commercial disputes category.

In general, any claim pertaining to certain statutorily defined transactions worth at least $10 million will be subject to business court jurisdiction.[5] The main exception is if the transaction is "a loan or an advance of money or credit by a bank, credit union, or savings and loan institution."[6]

Business courts will also hear cases "in which the amount in controversy exceeds $10 million," and either: (1) the action "arises out of a contract or commercial transaction in which the parties to the contract or transaction agreed in the contract or a subsequent agreement that the business court has jurisdiction of the action"; or (2) the action "arises out of a violation of the Finance Code or Business & Commerce Code by an organization or an officer or governing person acting on behalf of an organization other than a bank, credit union, or savings and loan association."[7]

Business courts will also carry certain ancillary powers. First, business courts will have the power to exercise supplemental jurisdiction over certain claims.[8] According to the statute, "the business court has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy."[9]

But H.B. 19 expressly bars supplemental jurisdiction over "(1) a claim arising under Chapter 74, Civil Practice and Remedies Code; (2) a claim in which a party seeks recovery of monetary damages for bodily injury or death; or (3) a claim of legal malpractice."[10]

Second, business courts will have the same ability to grant relief as their district court counterparts.[11] They will have authority to grant injunctive relief or declaratory judgments.[12]

In sum, commercial disputes valued at more than $10 million are likely to warrant business court jurisdiction. And the same is true for governance disputes that are either valued at more than $5 million or concern a publicly traded company.

If your company is regularly involved in disputes above these value thresholds, it is likely that business courts could handle your future cases.

## 2. Cases can be filed in or transferred to the business court.

A case could be brought before a business court in one of two ways. Just like in a district court, claims that warrant the court's jurisdiction can be filed there from the outset.[13] But even if a suit is initially brought in a district court, a party to the lawsuit may remove it to the business court if certain criteria are met.[14]

First, the action must be within the business court's jurisdiction.[15] Second, the removal "must be filed not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action."[16] If the removal is agreed, it may be made "at any

time during the pendency of the action."[17]

Importantly, provided that the removal occurs in a timely manner, a removal of an action to the business court may be made even "[i]f all parties to the action have not agreed to remove the action."[18] The removal can even be initiated by the "judge of a court in which an action is [initially] filed," like the district court.[19]

If the judge initiates the transfer, the "presiding judge for the court's administrative region," after holding a hearing on the request, "may transfer the action to the business court if the presiding judge finds the transfer will facilitate the fair and efficient administration of justice."[20]

Taken together, all of this points to a low barrier for removal. So if a claim satisfies the business court's jurisdictional requirements, and at least one party prefers the business court over the district court, there are avenues available to land in business court.

But even still, if a removed case is ultimately tried before a jury, the jury trial will occur in the county where the action was originally filed, unless the parties agree otherwise.[21]

**3. Appeals will be heard by a newly established 15th Court of Appeals.**

The Texas Legislature has also created a new system for business court appeals.[22] S.B. 1045, which Abbott signed on June 9, will create a new, Austin-based Fifteenth Court of Appeals.[23]

This court will be created on Sept. 1, 2024.[24] The court will eventually have five justices, who will initially be appointed.[25] Subsequently, they will be elected in statewide races.[26]

The Fifteenth Court of Appeals will have exclusive jurisdiction over appeals from orders or judgments of the business court, and over original proceedings related to actions or orders of the business court.[27] The Fifteenth Court of Appeals will also be given exclusive intermediate appellate jurisdiction over the following kinds of matters that may arise out of, or be related to, a civil case:

> (1) matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education as defined by Section 61.003, Education Code, or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct [with certain exceptions]

> (2) matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case.[28]

Finally, while most appeals in other contexts may be transferred between intermediate courts of appeals for docket equalization purposes, the statute establishes that the Texas Supreme Court "may not transfer any case or proceeding properly filed in the Court of Appeals for the Fifteenth Court of Appeals District to another court of appeals for the purpose of equalizing the dockets of the courts of appeals."[29]

**4. Sixteen experienced, governor-appointed judges will preside over the business court.**

The proposed business court system will be made up of 11 divisions.[30] These divisions will have a total of 16 judges.[31] The 11 divisions will cover the same territory as the administrative judicial regions, which are shown below.[32]



Two judges will be assigned to the First, Third, Fourth, Eighth and Eleventh Divisions,[33] which include Dallas, Austin, San Antonio, Fort Worth and Houston, respectively. But only one judge will preside over the remaining six divisions.[34]

The governor, with the advice and consent of the state Senate, will appoint business court judges for two-year terms.[35] Under the statute, each judge must meet the following requirements:

> (1) be at least 35 years of age;

> (2) be a United States citizen;

> (3) have been a resident of a county within the division of the business court to which the judge is appointed for at least five years before appointment; and

(4) be a licensed attorney in this state who has 10 or more years of experience in:

    (A) practicing complex civil business litigation;

    (B) practicing business transaction law;

    (C) serving as a judge of a court in this state with civil jurisdiction; or

    (D) [have] any combination of such experience.[36]

Notably, H.B. 19 does not contain a limit on the number of times a business-court judge may be reappointed.[37]

**5. Given the amount of uncertainty surrounding the business court, it is imperative that companies and their legal teams stay up-to-date on its status.**

H.B. 19 takes effect on Sept. 1.[38] But the business court would not begin taking cases until one year later, on Sept. 1, 2024.[39]

This one-year delay will give the Supreme Court and the business court itself time to develop and adopt procedural rules. But exactly what those rules will look like remains to be seen.

The system adds Texas to the more than two dozen states that have specialized business litigation processes of some sort — the most famous of which is Delaware's Court of Chancery.[40]

However, some have questioned H.B. 19's compatibility with the Texas Constitution, and others have raised similar concerns about the 15th Court of Appeals.[41] The success of any such constitutional challenges to this new system remains to be seen.[43]

Given the low barrier to transfer, it is likely that many complex commercial cases in Texas will be subject to at least a debate about whether the case should wind up in the business court. The precise interpretation of jurisdictional requirements and similar matters are likely to remain the subject of litigation for the foreseeable future.

---

*Nicholas Bruno and Madison Young Moore are associates at Beck Redden LLP.*

*Beck Redden summer associate Chipper Adams contributed to this article.*

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of their employer, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

[1] Act of May 29, 2023, 88th Leg., R.S., H.B. 19, Title.

[2] Act of May 29, 2023, 88th Leg., R.S., H.B. 19, § 1 (to be codified at Tex. Gov. Code § 25A.004(b)-(d)).

[3] Id. (to be codified at Tex. Gov. Code § 25A.004(b)-(c)).

[4] See id. (to be codified at Tex. Gov. Code § 25A.004(b)).

[5] See id. (to be codified at Tex. Gov. Code § 25A.004(d)(1)).

[6] See id. (to be codified at Tex. Gov. Code § 25A.001(14)).

[7] Id. (to be codified at Tex. Gov. Code § 25A.004(d)(2)-(3)).

[8] Id. (to be codified at Tex. Gov. Code § 25A.004(f)).

[9] Id.

[10] Id. (to be codified at Tex. Gov. Code § 25A.004(h)).

[11] Id. (to be codified at Tex. Gov. Code § 25A.004(a)).

[12] Id. (to be codified at Tex. Gov. Code § 25A.004(e)).

[13] Id. (to be codified at Tex. Gov. Code § 25A.006(a)).

[14] See id. (to be codified at Tex. Gov. Code § 25A.006(d)-(g)).

[15] Id. (to be codified at Tex. Gov. Code § 25A.006(d)).

[16] Id. (to be codified at Tex. Gov. Code § 25A.006(f)).

[17] Id. (to be codified at Tex. Gov. Code § 25A.006(f)).

[18] See id. (to be codified at Tex. Gov. Code § 25A.006(f)).

[19] Id. (to be codified at Tex. Gov. Code § 25A.006(k)).

[20] Id.

[21] Id. (to be codified at Tex. Gov. Code §§ 25A.015(c) and 25A.015(e)).

[22] See id. (to be codified at Tex. Gov. Code § 25A.007(a)).

[23] Act of May 22, 2023, 88th Leg., R.S., S.B. 1045, § 1.02 (to be codified at Tex. Gov. Code § 22.2151(a)).

[24] See id. § 1.14(a).

[25] See id. § 1.14(b).

[26] See id. § 1.04 (to be codified at Tex. Gov. Code § 22.216(n-1)–(n–2)).

[27] Act of May 29, 2023, 88th Leg., R.S., H.B. 19, § 1 (to be codified at Tex. Gov. Code § 25A.007(a)).

[28] See Act of May 22, 2023, 88th Leg., R.S., S.B. 1045, § 1.05 (to be codified at Tex.

Gov. Code § 22.220(d)).

[29] See id. § 1.08(b) (to be codified at Tex. Gov. Code § 73.001(b)).

[30] See Act of May 29, 2023, 88th Leg., R.S., H.B. 19, § 1 (to be codified at Tex. Gov. Code § 25A.003).

[31] See id. (to be codified at Tex. Gov. Code § 25A.009(a)).

[32] See id. (to be codified at Tex. Gov. Code § 25A.003); see also Texas Judicial Branch, AJR Map, https://www.txcourts.gov/media/1453885/ajr-map-2017.pdf.

[33] Id. (to be codified at Tex. Gov. Code § 25A.009(a)(1)); see id. (to be codified at Tex. Gov. Code § 25A.003).

[34] Id. (to be codified at Tex. Gov. Code § 25A.009(a)(2)).

[35] Id. (to be codified at Tex. Gov. Code § 25A.009(a)-(b)).

[36] Id. (to be codified at Tex. Gov. Code § 25A.008).

[37] See id. (to be codified at Tex. Gov. Code § 25A.009(c)) ("A business court judge may be reappointed.").

[38] Id. § 9.

[39] Id. § 5.

[40] See Erica Grieder, Move Over, Delaware: Texas Posed to Create Specialized Business Courts, Hous. Chron. (June 5, 2023), https://www.houstonchronicle.com/business/article/business-courts-texas-18128668.php.

[41] See, e.g., Bob Francis, Business Court System Has Support But Could Face Challenges, Ft. Worth Rep. (June 14, 2023), https://fortworthreport.org/2023/06/14/business-court-system-has-support-but-could-face-challenges/.

[42] Id.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William George on behalf of William George
Bar No. 793212
dgeorge@georgeappeals.com
Envelope ID: 95327846
Filing Code Description: Motion
Filing Description: Motion ($10.00)
Status as of 12/16/2024 7:14 AM CST

Associated Case Party: Harbor America Central, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Russell S.Post | | rpost@beckredden.com | 12/15/2024 4:17:26 PM | SENT |
| Joshua S.Smith | | jsmith@beckredden.com | 12/15/2024 4:17:26 PM | SENT |

Associated Case Party: William Reeves

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Pigg | 24088227 | rpigg@txattorneys.com | 12/15/2024 4:17:26 PM | SENT |
| Thomas Holler | 24126898 | choller@txattorneys.com | 12/15/2024 4:17:26 PM | SENT |
| William DavidGeorge | | dgeorge@georgeappeals.com | 12/15/2024 4:17:26 PM | SENT |
| Lionel Sims | 24107465 | lsims@txattorneys.com | 12/15/2024 4:17:26 PM | SENT |
| Anthony G.Buzbee | | tbuzbee@txattorneys.com | 12/15/2024 4:17:26 PM | SENT |
| Chris J.leavitt | | cleavitt@txattorneys.com | 12/15/2024 4:17:26 PM | SENT |
| Anthony Buzbee | 24001820 | ledelacruz@txattorneys.com | 12/15/2024 4:17:26 PM | ERROR |